Billy BLACKBURN, et al., Appellants,

v.

Glen BLACKBURN, et al., Appellees.

No. 89–SC–963–DG.

Supreme Court of Kentucky.

June 6, 1991.

Ned B. Pillersdorf, Prestonsburg, for appellants.

L.E. Spencer, Paintsville, for appellees.

STEPHEN B. CATRON, Special Justice.

The sole issue we decide in this case is whether a notice of appeal is adequate under CR 73.03 if it contains a listing of parties sufficient to give the opposing party notice of the identities of the parties to the appeal. Another way of stating the issue is whether an obvious typographical error limiting the names of the Appellants to a smaller number than that listed in the heading of the case and in the preamble statement of the Notice of Appeal makes the Notice of Appeal jurisdictionally defective as to those whose names were deleted.

Following a trial court decision unsatisfactory to the Appellants, their counsel prepared a Notice of Appeal to the Court of Appeals which stated as follows:

GLEN BLACKBURN AND FRANCES BLACKBURN          PLAINTIFFS

NOTICE OF APPEAL

BILLY JOE BLACKBURN, IDA GOBLE, ALLIE FAYE CHAPMAN, DONALD LEE BLACKBURN, MANETTA BLACKBURN AND RUSSELL BLACKBURN DEFENDANTS

Comes (sic) the defendants, Billy Blackburn, Ida Goble, Allie Faye Chapman, Donald Lee Blackburn, Manetta Blackburn and Russell Blackburn,1 (sic) by counsel, and serves (sic) notice that he (sic) appeals for the Judgment entered herein.

On appeal, Billy Blackburn will be the Appellant, and Glenn Blackburn and Francis Blackburn will be the Appellees.

Respectfully submitted,

/s/

NED B. PILLERSDORF
# 8 South First Avenue
Prestonsburg, KY 41653
(606) 886–6090

■ The Court of Appeals rendered its decision reversing the trial court but only granting relief to Billy Blackburn after determining *sua sponte* that he was the only defendant who had appealed from the Court's judgment on the basis of the language in the Notice of Appeal which stated, "On appeal, Billy Blackburn will be the Appellant, and Glen Blackburn and Francis Blackburn will be the Appellees." This finding was despite the complete listing of the names of all Appellants in the style of the Notice of Appeal as well as in the first full preamble paragraph to the Notice of Appeal. Additionally, it must be noted: (a) that all pleadings throughout the case contained references to all of the named Appellants; (b) that the issue regarding the parties to the appeal was never raised by the Appellants or Appellees throughout the case; and, (c) that the decision of the Court of Appeals to limit the effect of its decision reversing the trial court was purely *sua sponte.*

CR 73.03(1) states that, "The notice of appeal shall specify all of the Appellants and all of the Appellees ..." The Appellant clearly listed each name of all Appellants in the style of the case, and repeated the litany of names in the first paragraph of the Notice of Appeal. However, through an obvious clerical error, Appellant limited the names of the Appellants to but one, Billy Blackburn, in the second full paragraph of the Notice of Appeal. It is obvious from a reasonable reading of the Notice of Appeal, albeit even a literal reading of the Notice of Appeal, that all of the listed parties should properly be named Appellants in the appeal and not just one Billy Blackburn. It is further obvious that very poor drafting by Appellants' counsel, or at the very least a total absence of proofreading, has resulted in a near disastrous outcome for his clients.

■ While this Court recognizes the requirement for compliance with CR 73.03, the purpose of this Rule must be explored in its application. The plain reading of the Rule demonstrates the notice concept which is fundamental to modern pleading under the Civil Rules. This Court stated its position in *Lee v. Stamper*, Ky., 300 S.W.2d 251, 253 (1957), in determining that the principal objective of a pleading was to give the opposing party fair notice. The conduct of the parties throughout this case, as reflected by the record, leaves no doubt that the Appellees, as did the Appellants, fully understood the identity of all of the parties to the appeal throughout the course of the appeal; and, but for the bewildering statement by the Court of Appeals in its concluding paragraph, this issue would have never been raised. The principal objective of pleadings is to give the opposing party fair notice, and where the conduct of the parties leaves no doubt that this objective has been met, this Court has upheld the intent of the "notice" nature of the Civil Rules. *Roberts v. Conley*, Ky., 626 S.W.2d 634, 639 (1982). A failure to reverse the decision of the Court of Appeals would result in an unfair outcome to the Appellants and would overburden this Court's standards of compliance with the Rules.

This Court has limited its review of the decision of the Court of Appeals to the issue of the interpretation of CR 73.03. That portion of the decision of the Court of Appeals limiting the application of its decision to only Billy Blackburn is reversed; and the remainder of the decision is affirmed as to all of the Appellants named in the body of Appellants' Notice of Appeal.

STEPHENS, C.J., and COMBS, LAMBERT, LEIBSON and SPAIN, JJ., concur.

WINTERSHEIMER, J., concurs in result only.

REYNOLDS, J., not sitting.