**Joann Faircloth MORRIS, a/k/a Joann Morris, and Billy Joe Morris Appellants**

**v.**

**CABINET FOR FAMILIES AND CHILDREN, Commonwealth of Kentucky, For and on Behalf of Christopher James Morris, an Infant Appellee**

**No. 1999–SC–0902–DG.**

Supreme Court of Kentucky.

Feb. 21, 2002.

John F. Rampulla, III, Lexington, for Appellants.

Terry L. Morrison, Frankfort, for Appellee.

STUMBO, Justice.

On March 20, 1997, the Appellee, the Cabinet for Families and Children, as petitioner and next friend of CJM, an infant, filed a Petition for Involuntary Termination of Parental Rights in Fayette Circuit Court. On August 20, 1998, the trial court entered an order terminating the parental rights of Appellants, Joann Faircloth Morris and Billy Joe Morris, and placing custody of the minor child with the Cabinet for Families and Children due to abuse and neglect. In October 1998, Appellants filed an appeal with the Court of Appeals; however, the language of the notice of appeal specifically named only the Cabinet for Families and Children as Appellee. The minor child was not named as an Appellee, but was named within the style of the case, "In Re the Interest of [CJM], a Child." The Court of Appeals dismissed the appeal citing *R.L.W. v. Cabinet for Human Resources*, Ky.App., 756 S.W.2d 148 (1988), which held that a child who is the subject of a parental termination order is a "necessary" party to an appeal, and a failure to name the child as a party is grounds for dismissal.

The only issue before this Court is whether the Court of Appeals committed error in dismissing the appeal for failure of the Appellants to name the child as an Appellee within the body of the notice of appeal. We find that they did err, and thus reverse and remand to the Court of Appeals for a decision on the merits of the case.

In *Blackburn v. Blackburn*, Ky., 810 S.W.2d 55 (1991), this Court held that a notice of appeal was adequate under CR 73.03 if it contained a listing of parties sufficient to give the opposing party notice of the identities of the parties against whom the appeal was filed. The principal objective of a pleading is to give fair notice to the opposing party. *Id.* at 56, citing *Lee v. Stamper*, Ky., 300 S.W.2d 251 (1957). That objective has been met in this case. Appellants' notice of appeal named the minor child, CJM, in the caption, and, although he was not included in the certificate of service, copies of the pleadings were provided to the child's guardian ad litem. These factors together substantially comply with the requirements of CR 73.03 and provided sufficient notice to all parties concerned that the minor child was also an Appellee. Here, as in *Blackburn*, a failure to reverse the decision of the Court of Appeals on this issue would both result in an unfair outcome for the Appellants and would overburden this Court's standards of compliance with the Rules. *Blackburn* at p. 56.

In *R.C.R. v. Commonwealth*, Ky.App., 988 S.W.2d 36 (1998), the Court of Appeals held, again in a parental rights termination case, that failure to name the child as a party to the appeal did not require dis-

missal of the appeal. There, as in the case sub judice, the child was named in the caption and the child's guardian was given all relevant pleadings. The Court went on to note that, though the notice of appeal was poorly drafted, *Blackburn v. Blackburn*, Ky., 810 S.W.2d 55 (1991), had relaxed the compliance standards for CR 73.03. Thus, as stated above, the inclusion of the child's name in the caption, coupled with the child's guardian having been served with the relevant pleadings, is more than sufficient to provide the parties with notice and to satisfy CR 73.03. This case is reversed and remanded to the Court of Appeals for a decision on the merits.

All Concur.