RENDERED: APRIL 22, 2010
TO BE PUBLISHED

$\mathfrak{Supreme\ Court\ of\ Kentucky}$

FINAL

2008-SC-000904-DG

DATE 5-13-10 Ella Gravith D.C.

MARY LASSISTER (IN HER OFFICIAL                                    APPELLANT
CAPACITY AS STATE BUDGET DIRECTOR)


ON REVIEW FROM COURT OF APPEALS
V.        CASE NOS. 2007-CA-000908-MR AND 2007-CA-000973-MR
FRANKLIN CIRCUIT COURT NO. 06-CI-01151



AMERICAN EXPRESS TRAVEL RELATED                               APPELLEES
SERVICES COMPANY, INC., ET AL.


**OPINION OF THE COURT BY JUSTICE VENTERS**

**REVERSING AND REMANDING**

The State Budget Director, Mary Lassiter, appeals from an opinion of the

Court of Appeals dismissing her[1] appeal from a Franklin Circuit Court

decision. The circuit court's decision held that a provision in the 2006-2008

Executive Branch budget bill shortening the escheat period for unredeemed

traveler's checks from fifteen years to seven years for the two-year budget

period was unconstitutional. The Court of Appeals dismissed the appeal upon

its conclusion that the Budget Director failed to name an indispensible party to

the appeal, that is, the State Treasurer.

---

[1] During the course of this litigation several persons have held the position of Budget
Director, including Bradford L. Cowgill and John Hicks. Mary Lassiter presently
holds the position. Accordingly we use feminine pronouns to refer to the Budget
Director throughout this opinion.

The Budget Director argues that her notice of appeal did effectively name the Treasurer by naming the Department of Treasury in the caption, and that, in any event, the Treasurer was not an indispensible party to the appeal. Because we conclude that the Treasurer was effectively named as a party to the appeal before the Court of Appeals via the naming of the Department of Treasury, we reverse and remand for a consideration of the appeal on the merits.

## FACTUAL AND PROCEDURAL BACKGROUND

American Express Travel Related Services, Inc., is the largest issuer of traveler's checks in Kentucky. Traveler's checks are redeemable at any time, and there is no expiration date for redemption. The company charges no fees for issuing the checks, but rather earns a profit on the business by investing the interest-free funds received from its traveler's check customers during the float period prior to redemption. Thus, the presumption of a fifteen-year float period is crucial to its business model.

In accordance with the Uniform Unclaimed Property Act, Kentucky, like our forty-nine sister states, has codified the presumed abandonment period for traveler's checks as fifteen years. *See* KRS 393.062(2). Accordingly, after fifteen years, traveler's checks that have not been redeemed are presumed abandoned and escheat to the state pursuant to KRS Chapter 393. The state then begins to hold the property in trust for the traveler's check owner, and, furthermore, begins to receive the benefit of the interest on the unclaimed

funds. Only upon a finding by a court that the funds are actually abandoned does the state assume actual ownership of the funds, though there is evidence in the record that the Treasurer never actually pursues a judgment of this type.

During the 2006 Regular Session the House passed House Bill 380, a bill relating to the 2006-2008 biennial budget. 2006 Ky. Acts ch. 252. Included in the bill was Part III, Section 39 which shortened the presumed abandonment period for traveler's checks from fifteen years to seven years for the two-year budget period. The enactment did not purport to permanently amend the fifteen-year period contained in KRS 393.062(2), but, rather, sought only to, by suspension, implement the change for the biennial budget period.

After the budget bill was signed into law, American Express filed an action in Franklin Circuit Court seeking injunctive relief prohibiting the enforcement of Part III, Section 39. The complaint named as defendants the Department of Treasury and the Treasurer in his official capacity. Upon motion by the Treasurer, the Budget Director was joined in the litigation as a necessary party.[2] Since being added as a party, the Budget Director has taken the initiative in prosecuting the Commonwealth's position in the case, that is, that Part III, Section 39 was legally enacted in all respects.

In due course, the parties moved for summary judgment. On January 31, 2007, the circuit court entered an order holding that Part III, Section 39 was unconstitutional as failing to comply with Section 51 of the Kentucky Constitution which states, "No law enacted by the General Assembly shall

---

[2] The circuit court denied the Treasurer's motion to add the Legislative Research Commission as a party.

3

relate to more than one subject, and that shall be expressed in the title, and no law shall be revised, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended or conferred, shall be reenacted and published at length." The circuit court's holding was based upon its determination that Part III, Section 39 was not a lawful suspension of the escheat statute but was, rather, in substance and effect, an amendment failing to meet the requirements of Section 51 of the Kentucky Constitution. While not directed to any specific party, the order permanently enjoined the enforcement of Part III, Section 39.

On May 3, 2007, the Budget Director filed her Notice of Appeal to the Court of Appeals. As further discussed below, the notice contained multiple imperfections. Neither the Treasurer nor the Department of Treasury filed a separate notice of appeal. American Express filed a cross-appeal challenging the circuit court's ruling granting the motion to add the Budget Director as a party to the litigation. On October 3, 2008, the Court of Appeals rendered an opinion and order dismissing the Budget Director's appeal for failure to name an indispensable party, that is, the State Treasurer. We granted discretionary review.[3]

---

[3] In the 2007-2008 legislative session the House again passed legislation reducing the escheat period, but this time complied with the formal amendment procedures the Franklin Circuit Court had found to be lacking. American Express filed a lawsuit in United States District Court, Eastern District of Kentucky, Central Division (Civil Action No. 3: 08-58-DCR), again challenging the constitutionality of the enactment, including upon federal grounds. On January 26, 2008, the District Court entered an opinion and order holding the legislation unconstitutional upon federal substantive due process grounds. The federal litigation is presently pending before the Sixth Circuit Court of Appeals (Case No. 09-5898). Success by American Express in the federal litigation would moot the present state litigation.

## NOTICE OF APPEAL ISSUES

The Budget Director contends that the Court of Appeals erred by dismissing her appeal for failure to name the Treasurer as a party to the appeal. She argues that her notice of appeal did effectively name the Treasurer by having named the Department of Treasury in the caption.

The Notice of Appeal stated, in relevant part, as follows:

AMERICAN EXPRESS TRAVEL
RELATED SERVICES, INC.                                    PLAINTIFF

v.

COMMONWEALTH OF KENTUCKY,
KENTUCKY DEPARTMENT OF TREASURY, et al.      DEFENDANTS

### NOTICE OF APPEAL

Pursuant to CR 73.03, notice is given that Defendant, Bradford L. Cowgill, in his official capacity as State Budget Director, hereby appeals to the Kentucky Court of Appeals from the Judgment entered by this Court on January 31, 2007, a copy of which is attached as Exhibit A.

Appellant is Bradford L. Cowgill in his official capacity as State Budget Director. The name of the Appellee against whom this appeal is taken is American Express Travel Related Services Company, Inc., the plaintiff in this proceeding.

The Commonwealth of Kentucky, Kentucky Department of Treasury, Jonathan Miller, Treasurer was also a defendant in this proceeding, but is not a party against whom this appeal is taken.

There are flaws in the notice, and we do not publish it here as a model pleading. Our rules of civil procedure provide little guidance on what a notice of appeal should look like. CR 73.03 specifies the content required of a notice

5

of appeal, and our emphasis remains on substance over style. Official Form 22 provides a format for the text, but not the caption. CR 84 directs that the official forms "are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate." The body of Budget Director's notice closely parallels Form 22. The term "et al." as used in the caption is a practice specifically disapproved by CR 73.03. The concluding paragraph in the body of the notice is ambiguous in that it could be construed as intending to mean that the Treasurer is not to be a party at all to the appeal (American Express's interpretation) or, alternatively, to mean that he is a party, but is allied *with*, not *against*, the Budget Director (the Budget Director's interpretation.)

Whatever the shortcomings, however, except for tardy appeals and the naming of indispensible parties, we follow a rule of substantial compliance in regards to notices of appeal. *Johnson v. Smith*, 885 S.W.2d 944, 948 (Ky. 1994). KRS 73.03(1) provides that "The notice of appeal shall specify by name all appellants and all appellees . . . ." However, it is now well established that naming a party in the caption of the notice is, standing alone, sufficient to satisfy the rule, even though the party is not named in the body of the notice. *Morris v. Cabinet for Families and Children*, 68 S.W.3d 73, 74 (Ky. 2002); *Blackburn v. Blackburn*, 810 S.W.2d 55 (Ky. 1991); *R.C.R. v. Commonwealth*, 988 S.W.2d 36 (Ky. App. 1998). This rule recognizes that the principal objective of a pleading is to give fair notice to the opposing party. *Blackburn*,

810 S.W.2d at 56 (citing *Lee v. Stamper,* 300 S.W.2d 251 (Ky. 1957)). Thus, although a party may not be named in the body of the notice, by listing the party in the caption, fair notice is given to the opposing party, and thus the objective of the notice is satisfied.

The Department of Treasury was named in the caption of the notice as a party to the appeal. As the Department did not itself appeal, as a non-appealing party, it was properly listed in the Appellee's position in the caption. It is not fatal that the Department was misidentified as a "Defendant" rather than as an "Appellee." *See Schulz v. Chadwell,* 548 S.W.2d 181, 184 (Ky. App. 1977) ("There is no magic to the use of the term 'appellee' . . . . In the absence of any specific designation using the term 'appellee,' any party, other than an appellant, who is specifically named in the caption will be deemed to be an appellee."). There was no other reasonable purpose for listing the Department in the caption except to name it as a party to the appeal. As such, the listing gave fair notice to American Express that the Budget Director was naming the Department as a party to the appeal, and thus under the *Blackburn* principle, the Department was properly named as an appellee to the appeal.

Citing *Kentucky v. Graham,* 473 U.S. 159 (1985), the Budget Director argues that, having properly named the Department of Treasury, by functional equivalence, she likewise named the Treasurer in his official capacity as a party to the appeal. We agree.

In *Graham,* the Supreme Court stated "Official-capacity suits . . .

7

'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Id.* at 165 (citing *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, n. 55 (1978)); *Commonwealth v. Harris,* 59 S.W.3d 896 (Ky. 2001). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* (citing *Brandon v. Holt,* 469 U.S. 464, 471-472 (1985)). In summary, the holding in *Graham* is that the naming of the agency head in his official capacity in a lawsuit is the functional equivalent of naming the agency itself.[4]

By the same process of reasoning, and in the absence of a specific statutory, regulatory, or judicial rule to the contrary, we conclude that the converse must likewise be recognized, and that the naming of an agency to a lawsuit is equally the functional equivalent of naming the agency's head in his official capacity. Here, we are cited to no authority which requires that the Treasurer in his official capacity and the Department he heads are to be treated as separate and distinct parties in litigation of this type. Moreover, no rational purpose would be served by making such a hyper-technical distinction in this case. Any judicial result – either benefit or detriment - would be binding upon both with equal force.

---

[4] While the discussion in *Graham* was in the context of a 42 U.S.C. § 1983 lawsuit, there is no practical reason the principle would not apply with equal force in the present litigation.

Thus, upon application of the *Graham* principle, we conclude that by naming the Department, the Budget Director, by functional equivalence, likewise named the agency's head, the Treasurer in his official capacity.

There remains to be addressed, however, the ambiguous concluding sentence in the notice which states, "The Commonwealth of Kentucky, Kentucky Department of Treasury, Jonathan Miller, Treasurer was also a defendant in this proceeding, but is not a party against whom this appeal is taken." The Budget Director contends that this was merely to clarify that while a party to the appeal, the Treasurer was not an *adverse* party *against* whom she was prosecuting the appeal, but rather was a party *allied* with the Budget Director's position. American Express, on the other hand, argues that the sentence is a clear expression of the Budget Director's intention to exclude the Treasurer as a party to the appeal.

The Budget Director's explanation for including the sentence in the notice is reasonable, and its parsing is as valid as the interpretation suggested by American Express. Her inclusion of the sentence is entirely consistent with having named the Treasurer as a party, but edifying the court of his status as an allied party rather than an adverse party. In light of our conclusion, as set forth above, that the Budget Director otherwise properly named the Treasurer, we believe it injudicious to rework the outcome of the litigation based upon this ambiguous sentence, and accordingly will refrain from deciding the case by applying the interpretation urged by American Express.

In summary, the Budget Director, by naming the Department of Treasury in the caption, properly named that agency as a party to the appeal and by so doing correspondingly named its head, the Treasurer in his official capacity, as a party. Accordingly, the Court of Appeals erred by dismissing the appeal for failure to name the Treasurer as a party to the appeal.

## INDISPENSIBLE PARTY ISSUES

The Budget Director contends that even if the Treasurer in his official capacity was not properly named as a party, nevertheless the case was improperly dismissed because the Treasurer was in any event not an indispensible party to the appeal. Because we have determined that the Treasurer in his official capacity was properly named, this issue is moot, and we need not address it on the merits.

## CONCLUSION

For the foregoing reasons the opinion of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals for a determination of the appeal on the merits.

Minton, C.J., Abramson, Cunningham, Noble and Schroder, JJ., concur. Scott, J., concurs in result only.

COUNSEL FOR APPELLANT:

M. Holliday Hopkins
Jason Patrick Renzelmann
Sheryl G. Snyder
Griffin Terry Sumner
Frost Brown Todd, LLC
400 West Market Street
32nd Floor
Louisville, Kentucky 40202-3363


COUNSEL FOR APPELLEES:

Paul C. Harnice
Stoll, Keenon & Ogden, PLLC
307 Washington Street
Frankfort, Kentucky 40601

Walter L. Sales
Timothy Joseph Eifler
Bryon Riggs Lewis
Kathryn V. Eberle
Stoll, Keenon & Ogden, PLLC
2000 PNC Plaza
500 West Jefferson Street
Louisville, Kentucky 40202