v.

**CABINET FOR HEALTH AND FAMILY SERVICES, Commonwealth Of Kentucky, Appellee.**

No. 2011–CA–001441–ME.

Court of Appeals of Kentucky.

Dec. 9, 2011.

Before COMBS, KELLER, and VANMETER, Judges.

*OPINION AND ORDER*

KELLER, Judge:

This appeal is from an order terminating the appellant's parental rights. It is before the Court at this time on the motion of the appellee Cabinet for Health and Family Services to dismiss the appeal for failure to join the child as a party.

The Court ORDERS that the appellant's motion for an enlargement of time to file a response to the motion to dismiss be GRANTED and that the tendered response be FILED. The appellant's notice

of appeal read in pertinent part as follows:[1]

ACTION NO. 10–AD–00062

IN THE INTEREST OF: R.L.W., a minor child

CABINET FOR HEALTH AND FAMILY SERVICES COMMONWEALTH OF KENTUCKY PETITIONER

**NOTICE OF APPEAL**

vs.

A.M.W., B.M. and M.C. RESPONDENTS

---

The Petitioner and its attorney will hereby take notice that the Respondent, A.M.W., does hereby appeal to the Court of Appeals the Pike Circuit Court's Findings of Fact and Conclusions of Law entered herein on July 11, 2011 and Judgment of Termindation [sic] of Parental Rights entered herein on July 12, 2011.

The person or entity against whom this appeal is taken is the Petitioner, Cabinet For Health and Family Services, Commonwealth of Kentucky.

The Petitioner is represented by the Hon. David T. Adams, Cabinet for Health and Family Services, Office of General Counsel, 205 Main Street, Suite 3, Paintsville, Kentucky 41240.

The Respondent, A.M.W., is represented by the Hon. Lawrence R. Webster, Webster Law Offices, P.O. Drawer 712, Pikeville, Kentucky 41502.

The Hon. Larry Thompson was the presiding judge.

This 9th day of August, 2011.

The appellant served a copy of the notice of appeal on the attorney for the Cabinet and on the circuit court judge, but the appellant did not serve a copy of the notice of appeal on the guardian *ad litem.* The circuit court docket sheet shows that the circuit court clerk served copies of the notice of appeal on the appellant's attorney, the Cabinet's attorney, and this Court's clerk.

Similar to the notice of appeal at issue here, the children at issue in *Morris v. Cabinet for Families and Children,* 69 S.W.3d 73 (Ky.2002); and *R.C.R. v. Commonwealth, Cabinet for Human Resources,* 988 S.W.2d 36 (Ky.App.1998), were included in the styles of the notices of appeal as "In re the Interest of [the children's names]." The notices of appeal found sufficient in *Morris* and *R.C.R.* differed significantly from the present situation because the guardians *ad litem* in *Morris* and in *R.C.R.* were timely provided copies of the notices of appeal. Here, the notice of appeal did not provide fair notice of the appeal to the child's guardian *ad litem* and the child was not joined as a party to the appeal.

In an action to terminate parental rights, the child's interests are not the same as the interests of the parents or the interests of the appellee Cabinet for Health and Family Services. Before the circuit court the child is required to be joined as a party and is entitled to the appointment of a guardian *ad litem* to represent the child's best interests. If a parent appeals an order terminating parental rights, the child is a principal focus of the appeal. Therefore, the child must be made a party to the appeal to protect his interests. The child is a necessary and indispensable party to an appeal from the termination of parental rights and the failure to join the child to the appeal requires this Court to dismiss this appeal. *See R.L.W. v. Cabinet for Human Resources,* 756 S.W.2d 148 (Ky.App.1988).

---

1. The notice of appeal used the individuals' full names.

Having considered the motion to dismiss and the response, and having been otherwise sufficiently advised, the Court ORDERS that the motion to dismiss be GRANTED and that this appeal be DISMISSED for failure to join a necessary and indispensable party to the appeal. *See Nelson County Bd. of Educ. v. Forte,* 337 S.W.3d 617 (Ky.2011); *Lassiter v. American Express Travel Related Services Co., Inc.,* 308 S.W.3d 714 (Ky.2010).

ALL CONCUR.