**Michael Joseph FLICK, Appellant**

v.

**The ESTATE OF Christina WITTICH, Appellee.**

**No. 2010–SC–000664–DG.**

Supreme Court of Kentucky.

April 25, 2013.

---

Jennifer Francis Zeigler, Lexington, KY, for Appellant.

Roger Newman Braden, Braden & Associates, LLC, Florence, KY, for Appellee.

Opinion of the Court by Justice ABRAMSON.

Michael Flick was sentenced to life imprisonment for the murder of Christina Wittich. Wittich's parents, Judith and Frederick Wittich, brought a wrongful death action against Flick on behalf of their daughter's Estate and obtained a multi-million dollar jury verdict. After Flick appealed the judgment naming only "The Estate of Christina Wittich" as a party to the appeal, the Court of Appeals dismissed the appeal for failure to name the co-administrators of the Estate. Having granted discretionary review, we conclude that naming "The Estate of Christina Wittich" was sufficient to confer appellate jurisdiction over the co-administrators, to provide fair notice of the appeal, and to identify the proper party to the appeal. Accordingly, we reverse and remand.

### RELEVANT FACTS

Michael Joseph Flick was tried by a Fayette County jury for the shooting death of Christina Wittich. Flick was convicted of murder, second-degree assault under extreme emotional disturbance, and first-degree burglary and was sentenced to life imprisonment.[1] Following the criminal trial, the Estate of Christina Wittich ("the Estate") by and through its Administrators, Judith Wittich and Frederick Wittich ("the co-administrators") filed a wrongful death action against Flick in Fayette Cir-

---

1. This Court upheld all of Flick's convictions in *Flick v. Commonwealth,* No. 2008-SC-000233-MR, 2009 WL 1451923 (Ky.2009).

cuit Court. The jury returned a verdict in favor of the Estate, awarding $2,900,000 in compensatory damages and $53,000,000 in punitive damages.

Flick timely filed a notice of appeal to the Kentucky Court of Appeals on December 19, 2009. In the notice, Flick used the same case style that had been employed in the trial court. Thus, the caption named "The Estate of Christina Wittich, et al." as the "plaintiffs," and himself as the "defendant." The body of the document identified the judgment from which the appeal was taken but did not designate the appellant or appellee. This notice was served on the co-administrators' attorneys.

The co-administrator's attorneys, on behalf of the Estate, filed a motion to dismiss for failure to designate the "appellant" and "appellee" in either the caption or body of the notice of appeal. In his response, Flick argued that the body of the notice made the parties' positions clear, but, in the alternative, he requested the court to accept an amended notice which included the co-administrators in the caption. The Court of Appeals denied the Estate's motion to dismiss, but entered an order for Flick to Show Cause why his appeal should not be dismissed for failure to join the co-administrators of the Estate as necessary and indispensible parties. Flick filed a response to the Show Cause order explaining that the co-administrators' names were inadvertently omitted from the notice of appeal. Flick also attached an amended notice of appeal to the response, and further asked the court to grant a motion to join Judith Wittich and Frederick Wittich as necessary and indispensible parties. With one judge dissenting, a three-judge panel of the Court of Appeals dismissed Flick's appeal for failure to join necessary

and indispensible parties. This Court granted Flick's ensuing motion for discretionary review to address the Court of Appeals' denial of Flick's motion to amend and the dismissal of the appeal.

### *ANALYSIS*

 Flick contends that the Court of Appeals erred by dismissing his appeal for failure to name the co-administrators as necessary and indispensible parties. He argues that omission of the co-administrators' names was a clerical error but, in any event, his notice effectively named the co-administrators by naming "The Estate of Christina Wittich" as a party. This designation, according to Flick, substantially complies with the pleading standards set forth in Kentucky Civil Rule ("CR") 73.02. The question before the Court now is whether naming the Estate but omitting the co-administrators' names is a fatal error. We find that it is riot.

The wrongful death case proceeded in the lower court styled as "The Estate of Christina Wittich by and through Judith Wittich and Frederick Wittich, Co–Administratrix and Co–Administrator v. Michael Joseph Flick."[2] However, the judgment that was eventually entered provided: "Judgment be and is hereby entered in favor of the Estate of Christina Wittich, Plaintiff, against Michael J. Flick ..." When the notice of appeal was filed, Flick's attorney inadvertently omitted "by and through Judith Wittich and Frederick Wittich, Co–Administratrix and Co–Administrator" from the caption and body of the notice. The notice of appeal caption stated, in pertinent part, as follows:

THE ESTATE OF CHRISTINA WITTICH, ET AL. PLAINTIFFS

**2.** Judith Wittich and Frederick Wittich withdrew their individual claims against Flick pri-

or to the commencement of the civil trial.

v.

MICHAEL JOSEPH FLICK DEFEN-DANT

As noted, the body of the notice did not identify the appellant or appellee, although it properly identified the judgment entered against the Estate.

 A notice of appeal is the procedural instrument "by which an appellant invokes the appellate court's jurisdiction." *Nelson County Board of Education v. Forte*, 337 S.W.3d 617, 626 (2011) (quoting *City of Devondale v. Stallings*, 795 S.W.2d 954, 957 (Ky.1990)). It is well settled that a notice of appeal will be deemed adequate "if it contain[s] a listing of parties sufficient to give the opposing party notice of the identities of the parties against whom the appeal was filed." *Morris v. Cabinet for Families and Children*, 69 S.W.3d 73, 74 (Ky.2002) (citing *Blackburn v. Blackburn*, 810 S.W.2d 55 (1991)). The penalties for failure to comply with the rules relating to appeals are outlined in CR 73.02(2). Prior to a 1985 amendment of CR 73.02(2), our courts adhered to a policy of strict compliance in regards to notices of appeal, meaning a departure from the pleading requirements, regardless of prejudice or harm caused to the opposing party, resulted in an automatic dismissal of the appeal. *See Manly v. Manly*, 669 S.W.2d 537 (Ky.1984). CR 73.02(2) as amended set out a new policy of substantial compliance. The rule states:

> (2) The failure of a party to file timely a notice of appeal, cross-appeal, or motion for discretionary review shall result in a dismissal or denial. *Failure to comply with other rules relating to appeals or motions for discretionary review does not affect the validity of the appeal or motion*, but is ground for such action as the appellate court deems appropriate, which may include:

> (a) A dismissal of the appeal or denial of the motion for discretionary review,

> (b) Striking of pleadings, briefs, record or portions thereof,

> (c) Imposition of fines on counsel for failing to comply with these rules of not more than $500, and

> (d) Such further remedies as are specified in any applicable Rule.

(emphasis supplied).

This Court first recognized the application of the CR 73.02(2) substantial compliance rule as it relates to defective notices of appeal in *Ready v. Jamison*, 705 S.W.2d 479 (Ky.1986). The *Ready* Court reviewed three cases wherein the judgment appealed from was inappropriately designated. *Id.* at 480. Finding the errors to be nonfatal to the appeals, the Court held, "[d]ismissal is not an appropriate remedy for this type of defect so long as the judgment appealed from can be ascertained within reasonable certainty ... and no substantial harm or prejudice has resulted to the opponent." *Id.* at 481–82. The *Ready* Court further opined that the policy of substantial compliance "seek[s] to recognize, to reconcile and to further three significant objectives of appellate practice: achieving an orderly appellate process, deciding cases on the merits, and seeing to it that litigants do not needlessly suffer the loss of their constitutional right to appeal." *Id.* at 482; *see also Johnson v. Smith*, 885 S.W.2d 944, 950 (Ky.1994) ("Excepting for tardy appeals and the naming of indispensable parties, we follow a rule of substantial compliance.").

In the case at bar, Flick does not contend that the Estate's co-administrators are not indispensible parties to the appeal. Nor does he claim that "*et al.*" is an appropriate designation for the co-administrators, as Flick acknowledges that the use of "*et al.*" is specifically disapproved by CR

73.03.[3] Instead, Flick claims that our policy of substantial compliance, as set forth in CR 73.02(2), saves his appeal. Reasoning that an estate must be represented by its administrators, Flick contends that the co-administrators of the Wittich Estate were implicitly named by specifying "The Estate of Christina Wittich" in the caption of the notice.

In support of his position, Flick cites our recent decision in *Lassiter v. American Express Travel Related Services Co.,* 308 S.W.3d 714 (Ky.2010). In *Lassiter,* the Kentucky State Budget Director sought to appeal a circuit court decision holding that a provision in a budget bill was unconstitutional. *Id.* at 717. The Budget Director filed a notice of appeal naming the Commonwealth of Kentucky and the Kentucky Department of Treasury as defendants. *Id.* The Court of Appeals dismissed the appeal for failure to name the State Treasurer as an indispensible party. *Id.* at 716. After granting discretionary review, this Court concluded that the State Treasurer was effectively named as a party to the appeal by naming the "Department of Treasury" in the caption. *Id.* The Court relied on *Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) wherein the United States Supreme Court held that naming an agency head in his official capacity in a lawsuit was the "functional equivalent of naming the agency itself." *Lassiter,* 308 S.W.3d at 719 (citing *Graham,* 473 U.S. at 165, 105 S.Ct. 3099). The *Graham* Court stated "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."

*Graham,* 473 U.S. at 166, 105 S.Ct. 3099 (citing *Brandon v. Holt,* 469 U.S. 464, 471–72, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985)). Applying the converse of the rule adduced in *Graham* to the facts in *Lassiter,* we determined that naming a government agency in a lawsuit is the "functional equivalent of naming the agency's head in his official capacity." 308 S.W.3d at 719.

Flick urges this Court to adopt the same logic applied in *Lassiter* to the case at bar and find that naming "The Estate of Christina Wittich" is the functional equivalent of naming the co-administrators and substantially complies with CR 73.03 by providing notice to the co-administrators. Upon review of the pertinent authorities, we are persuaded that in the context of providing notice of an appeal, the official/agency relationship in *Lassiter* is analogous to the relationship between administrator and estate. Given the comparative nature of these legal relationships, we find compelling reasons to apply the *Lassiter* holding to the case at bar.

In *Lassiter,* we opined that "[a]ny judicial result—either benefit or detriment—would be binding upon both [the agent in his official capacity] and [the government agency] with equal force." 308 S.W.3d at 719. Similarly, any judicial result in the present case would be binding on the co-administrators in the sense that only the Estate's personal representatives have the statutory authority to pursue or defend claims and collect awards or settlements on behalf of the Estate. Pursuant to Kentucky Revised Statute ("KRS") 395.195(19), the administrator of a decedent's estate has the statutory authority to pursue and defend claims on behalf of the estate.[4] With such powers vested by stat-

**3.** CR 73.03 states in pertinent part: "(1) The notice of appeal shall specify by name all appellants and all appellees *("et al." and "etc." are not proper designation of parties)* and shall identify the judgment, order or part

thereof appealed from." (emphasis added); *see also Yocom v. Franklin County Fiscal Court,* 545 S.W.2d 296 (Ky.App.1976).

**4.** KRS 395.195(19) provides: "Except as restricted or otherwise provided by the will, or

ute, the administrator and the estate are inexorably linked when the estate is a party to litigation. Like the proverbial shepherd guarding his flock, it is the estate's administrator who must "prosecute or defend claims" for "the protection of the estate," KRS 395.195(19), and who is called upon to retain the services of an attorney or other professional necessary to the performance of administrative duties arising from the estate. KRS 395.195(18).[5]

In a similar vein, the style of the notice of appeal in this case would not prevent an appellate court from granting complete relief because the co-administrators, having received notice, are vested with the statutory authority to litigate the appeal. *See Braden v. Republic–Vanguard Life Insurance Company*, 657 S.W.2d 241, 243 (Ky. 1983) (citing *Levin v. Ferrer*, 535 S.W.2d 79 (Ky.App.1975) ("Failure to specify any party whose absence prevents the appellate court from granting complete relief among those already parties would be fatal to the appeal.")). In *Braden v. Republic–Vanguard Life Insurance Company*, the widow of a deceased mortgagor sought to recover the balance of mortgage payments due from a credit life insurer. 657 S.W.2d at 242. The trial court ordered joinder of the mortgage holder, Baldwin–United Mortgage Company, as an indispensible party. *Id.* After the trial court sustained the insurer's motion for a summary judgment as to the merits of the-claim, the widow appealed but failed to name Baldwin–United as an indispensible party to

the appeal. *Id.* at 243. The Court of Appeals dismissed her appeal for failure to join Baldwin–United. This Court ultimately reversed the Court of Appeals, finding that Baldwin–United was not a necessary party to the appeal. The *Braden* Court explained that the mortgage holder, as a named beneficiary of the insurance policy, was an indispensible party at the trial level. *Id.* However, the relief requested at the appellate level was a reversal of the summary judgment with remand to the trial court to decide whether the insurer had an affirmative defense. *Id.* Therefore, the mortgage holder's absence from an appeal would not prevent an appellate court granting complete relief. 657 S.W.2d at 243.

Returning to the instant case, naming "The Estate of Christina Wittich" as the party to the appeal did not deprive the Court of Appeals of its ability to grant complete relief to the prevailing party, as any decision by an appellate court that would bind the Estate would be binding upon and effectuated by the co-administrators. Unlike the three distinct parties in *Braden*, the Estate could not defend against an appeal of the wrongful judgment (of which it was entitled to certain proceeds) without being represented by the co-administrators (who are vested with the statutory right to pursue the appeal). In essence, the Estate and its co-administrators are one and the same party. Therefore, requiring separate and distinct

---

by KRS 395.200, a personal representative, acting reasonably for the benefit of the interested persons, may properly: ... (19) Prosecute or defend claims, or proceedings in any jurisdiction for the protection of the estate and of the personal representative in the performance of his duties."

5. KRS 395.195(18) provides: "Except as restricted or otherwise provided by the will, or by KRS 395.200, a personal representative, acting reasonably for the benefit of the inter-

ested persons, may properly: ... (18) Employ persons, including attorneys, auditors, investment advisors, or agents, to advise or assist the personal representative in the performance of his administrative duties; act without independent investigation upon their recommendations; and instead of acting personally, employ one (1) or more agents to perform any act of administration, whether or not discretionary."

naming of the co-administrators as parties here would serve no rational purpose. *See Lassiter,* 308 S.W.3d at 719. As recognized by the Court in *Blackburn v. Blackburn,* the principal objective of a pleading is to give fair notice to the opposing party. 810 S.W.2d at 56, (citing *Lee v. Stamper,* 300 S.W.2d 251 (Ky.1957)). Here, the co-administrators received notice of the appeal of the judgment against the Estate and thus, the *Blackburn* principle was achieved despite Flick's omission of the names of the co-administrators. In our view, this constitutes substantial compliance with CR 73.03.

Before turning to the lack of prejudice to the co-administrators, we note that the Court of Appeals did not consider our *Lassiter* decision when it dismissed Flick's appeal but instead focused on whether the Estate was a separate legal entity. The Court of Appeals relied on *Ky. Farm Bureau Mutual Ins. Co. v. Cook,* 590 S.W.2d 885 (Ky.App.1978), *rev'd in part on other grounds by Ky. Farm Bureau Mutual Ins. Co. v. Cook,* 590 S.W.2d 875 (Ky.1979), wherein the appellate court cited Judge Cardozo for the proposition that an estate "has no separate existence" and is "not a legal person." 590 S.W.2d at 888 (citing *Whiting v. Hudson Trust Co.,* 234 N.Y. 394, 138 N.E. 33 (1923)). As our analysis reflects, the precise legal status of an estate, whether a separate entity [6] or not, is not dispositive when the issue is the naming of the estate as a party to an appeal. Nevertheless, it is noteworthy that in *Cook* the appellate court held that the designation "Foster, W.F. Estate" as the insured on a policy "was the same as specifying L.G. Cook [the executor] as a named insured." *Id.* Thus, the singular nature of

an estate and its executor or administrator has previously been acknowledged by our Court of Appeals, *albeit* in a different context.

In objecting to Flick's notice of appeal, the Estate does not allege that it suffered actual prejudice or hardship as a result of Flick's clerical error. Instead, the Estate argues that proceeding with the appeal as designated would have "den[ied] the [co-]administrators their ability to fulfill their fiduciary duties" which would "expose the [co-]administrators to personal liability." This is presumably a hypothetical argument, as the Estate has not alleged that its co-administrators failed to receive notice of the appeal. In fact, the co-administrators did receive notice of the appeal because they moved to dismiss the appeal based on a technical error in the notice.[7] In its brief to this Court, the Estate has failed to illustrate exactly how its co-administrators would potentially breach their fiduciary duties beyond being precluded from defending the appeal and, if successful, collecting and distributing the judgment proceeds for the Estate. Having received adequate notice of the appeal, the co-administrators would breach those duties only by ignoring the notice and abandoning the appeal completely. This hypothetical breach of fiduciary duty does not reflect on the sufficiency of the notice. Having determined that naming the Estate was sufficient to confer appellate jurisdiction over the co-administrators, we are unconvinced that an administrator who has received timely, sufficient notice of an appeal would be *denied* his or her ability to fulfill fiduciary duties.

Additionally, the Estate argues that Flick did not adequately preserve any ar-

---

6. The United States Government recognizes an estate as a separate legal entity for tax purposes, assigning it a tax identification number. 26 C.F.R. § 301.6109–1(a)(1)(ii)(c).

7. The Estate first challenged Flick's designation of the parties as "plaintiffs" and "defendant," claiming that he failed to designate the "appellant" and "appellee."

gument concerning the sufficiency of the notice of appeal. Citing *Fischer v. Fischer*, 348 S.W.3d 582 (Ky.2011), the Estate claims that this Court has been "deprived of jurisdiction to determine the adequacy of notice" because Flick failed to specifically argue that his notice was adequate in his motion for discretionary review to this Court. The Estate's reliance on our decision in *Fischer* is misplaced, as that case focused on this Court's inability to reverse the trial court on unpreserved grounds absent a finding of palpable error. 348 S.W.3d at 589–90 ("But when an appellate court determines to *reverse a trial court*, it cannot do so on an unpreserved legal ground unless it finds palpable error, because the trial court has not had a fair opportunity to rule on the legal question.") (emphasis supplied). Here, we are only called upon to review the Court of Appeals' dismissal of Flick's appeal. The Court of Appeals declined to articulate its reasons for dismissing the appeal beyond "for failure to join necessary or indispensible parties to the appeal." Determining the sufficiency of Flick's notice based on relevant legal authorities is central to our discretionary review. *See Burton v. Foster Wheeler Corporation*, 72 S.W.3d 925, 930 (Ky.2002) (a review of pertinent legal authority may be undertaken by a court at any stage of proceedings whether or not it is cited or argued by the parties). As articulated above, naming the Estate implicitly encompassed its co-administrators

and constituted substantial compliance with CR 73.03.

Having found that naming the Estate suffices to include the co-administrators who were not separately identified, it is not necessary to address the Court of Appeals' denial of Flick's motion to amend the notice and his motion to join the co-administrators as necessary and indispensible parties.[8] However, we note that CR 15.01 provides that when a party requests leave to amend a pleading, such "shall be freely given when justice so requires." A notice of appeal is *not* a pleading because it is not identified in CR 7.01 but the liberal amendment policy is instructive. Courts allow parties to conform their pleadings to the evidence by virtue of amended pleadings where there is no real surprise or detriment to the opposing party. *See Bryant v. Pulaski County Detention Center*, 330 S.W.3d 461 (Ky.2011).[9] Here, the amended notice was tendered to the Court of Appeals twice: first, as an attachment to Flick's response to the Estate's motion to dismiss; and second, as an attachment to Flick's response to the court's Show Cause order. There clearly would have been no surprise or detriment to the Estate's co-administrators if the amended notice had been allowed. Of course, in observing that the requested amendment should have been allowed, we reiterate that failure to name a separate, indispensible party is a jurisdictional de-

8. The Estate argues that failing to name the co-administrators was a "jurisdictional defect" that could not be cured by amendment. Because we have determined that naming the Estate suffices to include the co-administrators, and further that the Wittiches, as co-administrators, received sufficient notice of the appeal, we deem this argument moot.

9. *See also Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief,

he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." ").

fect that cannot be remedied by amendment. *See, e.g., Nelson Co. Bd. of Edu. v. Forte,* 337 S.W.3d 617, 626 (school board and school district were parties in trial court but only the school district was named on appeal; appeal defective because school board was indispensible party); *Browning v. Preece,* 392 S.W.3d 388 (Ky.2013) (omission of adjoining landowners in easement dispute was fatal to appeal because they were indispensible parties).

In sum, Flick's appeal, both before the Court of Appeals as well as this Court, was certainly poorly practiced.[10] However, our policy of substantial compliance ensures the survival of an appeal despite clerical errors when no prejudice results from those errors and notice is sufficiently conveyed to the necessary parties. Lest there be any confusion, the longstanding practice of naming *both* the estate and its administrators in the notice of appeal is the proper and preferred practice. Further, nothing in our Opinion today changes the general disapproval, both in our rules and in case law, of the use of the *"et al."* designation in pleadings. We have only concluded that under these facts, naming "The Estate of Christina Wittich" as the party to the appeal was not a fatal error.

### CONCLUSION

Flick's error in the notice of appeal was not fatal to the appeal, as naming "The Estate of Christina Wittich" substantially complied with CR 73.03 by providing sufficient notice to and conferring jurisdiction over the co-administrators of the Wittich Estate. Accordingly, we reverse the Order of the Court of Appeals dismissing the appeal and remand this matter to that Court for further proceedings.

---

**10.** Flick's appellate counsel failed to appear for scheduled oral arguments in this matter. The Estate was permitted to present its argument to the Court and a Show Cause order was subsequently issued to Flick's appellate counsel. That issue is dealt with by separate order.

MINTON, C.J.; CUNNINGHAM, SCOTT, VENTERS, JJ., FRANK H. McCARTNEY, Special Justice, and THOMAS W. MILLER, Special Justice, concur. KELLER and NOBLE, JJ., not sitting.

