**H. S. GEORGE, Appellant,**

v.

**KENTUCKY ALCOHOLIC BEVERAGE CONTROL BOARD et al.**

Court of Appeals of Kentucky.

May 20, 1966.

Theodore H. Lavit, Lebanon, for appellant.

Frank M. Dailey, Frankfort, for appellees.

CLAY, Commissioner.

We have before us a motion to dismiss this appeal, taken from a judgment of the Franklin Circuit Court. It affirmed an order of the Alcoholic Beverage Control Board granting a retail package liquor license to the applicant Netherland.

■ The license was granted to Netherland after a hearing by the Board (under KRS 243.550). Appellant, a competitor, was the only protestant. He undertook to appeal to the circuit court from the Board's order as permitted by KRS 243.560. The Board was made a party to this appeal but not Netherland, the applicant. From the order of the circuit court sustaining the Board, appellant took the appeal to this court (under KRS 243.590).[1] Appellees take the position that since Netherland was a necessary party to the original appeal to the circuit court, and was not joined, that appeal was abortive, and therefore there is nothing for us to entertain on the present appeal. This position is clearly a sound one.

KRS 243.560(3), relating to appeals to the circuit court from an order of the Board, provides in part: "The board *and* the *licensee* or *applicant* shall be necessary parties to such appeals." (Our emphasis) Obviously Netherland, being both the applicant and the licensee, was a most vitally interested party. While the statute characterizes him as a "necessary" party, in fact he was *indispensable* as a party to the appeal in the same way that a party is indispensable to a suit under CR 19.01. See Clay, Kentucky Practice, Vol. 6, CR 19.01, Comment 2. In his absence there could be no final adjudication on appeal adversely affecting Netherland's rights.

■ The statute recognizes this, and the requirement of joining the applicant or licensee as a party to an appeal is mandatory. See Bauer v. Alcoholic Beverage Control Board, Ky., 320 S.W.2d 126. It is as essential to a proper appeal as the condition that such an appeal be taken within 10 days under KRS 243.560(2). A case directly in point is White v. Commonwealth, Ky., 287 S.W.2d 625. It involved an attempted appeal from the county court to the circuit court in a condemnation proceeding. KRS 177.087 provided that an appeal could be taken by (among other things) filing a "statement of the parties to the appeal". This court said (page 626 of 287 S.W.2d):

"The right of appeal is purely statutory and one who seeks to avail himself of it must comply with the conditions set forth by the General Assembly. Louisville & N. R. Co. v. Caudill, 302 Ky. 255, 194 S.W.2d 508. As appellants did not file in the circuit court 'a statement of the parties to the appeal' as provided in KRS 177.087, that court properly dismissed the appeal."

It is thus apparent that, had the question been raised in the Franklin Circuit Court, such court must necessarily have dismissed the appeal because not properly taken.[2]

■ Appellant contends that appellees *waived* the defect of parties by not making an earlier motion to dismiss in the Franklin Circuit Court. He cites CR 21, which provides in part: "Misjoinder of parties is not ground for dismissal of any action." The obvious answer is that this Rule relates to parties to an *action*, not an *appeal*. Even disregarding this vital distinction, the quoted provision does not apply to *indispensable* parties. See Clay, Kentucky Practice, Vol. 6, CR 21, Comment 2.

■ In any event, a party, and particularly a nonparty, could not waive the statutory conditions which limited appellant's right of appeal. Especially is this indisputable *after* the time limit had run within which appellant could have complied. He seems to take the position that if appellees had made a motion to dismiss in the Franklin Circuit Court, thereby calling his attention to the fact that he had not properly taken an appeal, he might then have added Netherland as a party and cured the defect.

1. Netherland was not made a party appellee to this appeal under RCA 1.090, but of course could not have been so designated since he was not a party below.

2. It is questionable whether the Franklin Circuit Court had jurisdiction of the appeal, but it is unnecessary to resolve this question since the result we reach is the same.

This, of course, could not have been done because appellant's time for taking his appeal had expired.

The appeal in this court is moot. Because of the absence of Netherland as a party in the proceeding below, there is nothing we could effectively adjudicate. Certainly we could not reverse the judgment and deprive him of his license. The attempted appeal here is as unavailing as the one in the circuit court.

The appeal is dismissed.