**Ben BROWNING, Appellant**

v.

**Jefferson PREECE, Appellee.**

No. 2011–SC–000459–DG.

Supreme Court of Kentucky.

Feb. 21, 2013.

Michael Todd Hogan, J. Bradford Deri-field, Hogan, Derifield & Perdue, PLLC, Louisa, Kentucky, Counsel for Appellant.

Nelson Theodore Sparks, Louisa, Kentucky, Counsel for Appellee.

Opinion of the Court by Justice VENTERS.

Appellant, Ben A. Browning, appeals from an order of the Court of Appeals dismissing his appeal for failure to join two indispensable parties to the litigation. He was attempting to appeal an adverse judgment of the Lawrence Circuit Court that granted Appellee, Jefferson Preece, a sixteen-foot easement over both Appellant's property and Brooksie and Tammie Horn's property. The Court of Appeals dismissed the appeal because Appellant had failed to name two indispensable parties, specifically Brooksie and Tammie Horn, in his Notice of Appeal. On discretionary review before this Court, Appellant asserts the following arguments: 1) the Court of Appeals erred by concluding that the Horns

were indispensable parties to his appeal and, in the alternative, 2) that Brooksie Horn was properly joined as a party to the appeal. For the reasons set forth herein, we affirm the Court of Appeals' order.

## I. FACTS AND PROCEDURAL BACKGROUND

Appellee owns a tract of land in Lawrence County. His access to that land is an easement, an unpaved roadway, straddling the boundary between Appellant's property and the property owned by Tammie and Brooksie Horn. The roadway is bound on one side by a fence on the Horns' property. Appellee used the roadway to bring equipment to and from his property until Brooksie Horn erected an obstruction across the road. Appellee filed suit in the Lawrence Circuit Court against the Horns to remove the obstruction and to obtain a judgment securing his right to the easement. Upon the Horns' motion, Appellant was added as a defendant to the suit.

The trial court concluded that Appellee owned an easement running along the Appellant's boundary with the Horns, sixteen-feet wide and measured from the Horns' fence in the direction of Appellant's property. Although the trial court did not determine the precise location of the boundary line separating Appellant's property and the Horns' property, it did find that the boundary line was located somewhere on the roadway, twelve to sixteen feet from the Horns' fence.[1]

Appellant attempted to appeal the trial court's decision by filing a notice of appeal that appears as follows:

JEFFERSON PREECE, PLAINTIFF

VS.

BROOKSIE N. HORN, ET AL, DEFENDANTS

---

### NOTICE OF APPEAL

---

Notice is hereby given that the Defendant, Ben A. Browning, by and through Counsel Hon. Michael T. Hogan and the Law Office of Michael T. Hogan, PLLC, and hereby files his notice of appeal pursuant to CR. 73.03, from the above-styled case to the Kentucky Court of Appeals from the Findings of Facts, Conclusions of Law, and Judgment entered August 31, 2010, a copy of which is attached hereto as Exhibit "A". By Order Overruling Motion to Alter, Amend or Vacate entered on the 11th day of October, 2010, a copy of which is attached hereto as Exhibit "B". The issue on appeal centers on the footage of an easement over the Defendants' property.

The name of the Appellee against whom this appeal is taken is Jefferson Preece, Plaintiff.

The name of the Appellant is Ben A. Browning, Defendant.

/s/_____

Hon. Michael T. Hogan

The caption of the Notice of Appeal contained no mention of Tammie Horn, and the body of the Notice refers to neither Brooksie nor Tammie. A copy of the Notice was sent to the Horns' attorney.

Appellant then filed a prehearing statement with this caption:

BEN A. BROWNING, APPELLANT

VS.

---

1. Specifically, the trial court found: "The record discloses that the actual line between the Defendant Horn and the Defendant Browning is located some twelve to sixteen feet from the fence, but that the Defendant Horn did not chose [sic] to build his fence on the boundary line, but rather build [sic] his fence at the edge of the easement." Since the easement lies along the Horns' fence, and their boundary line extends beyond the fence, the necessary implication is that the easement lies at least partially upon the Horns' land.

**JEFFERSON PREECE, APPELLEE**

Neither Brooksie Horn nor Tammie Horn was referenced in the text of the statement. Appellant did not send a copy of the statement to the Horns' attorney. Appellant contends that if his appeal had not been dismissed, he would have presented these two arguments: 1) the circuit court erred by finding the easement was sixteen feet wide, rather than twelve feet wide, and 2) the width of the easement should be measured from the center of the roadway, extending in opposite directions, an equal distance toward both the Horns' and Appellant's properties.

Appellee moved to dismiss the appeal for failure to join indispensable parties— the Horns. The Court of Appeals granted the motion. Appellant now appeals the order of dismissal. We granted discretionary review to consider again the issue of strict compliance with CR 73.03.

## II. BROOKSIE HORN AND TAMMIE HORN ARE EACH AN INDISPENSABLE PARTY TO THIS APPEAL

▮▮▮ Appellant argues that the Horns are not indispensable parties to the appeal because they will not be adversely affected by the appeal, and therefore, naming them in the Notice of Appeal was not necessary. In effect, he argues that as owner of one of the serviant estates, his dispute over the easement is with Appellee Preece, the owner of the dominant estate, rather than the Horns. However, whether a party is indispensable is *not* determined by whether that party will be *adversely* affected by a court's judgment; instead, an indispensable party is defined as a party "whose absence prevents the Court from granting complete relief among those already par-

ties." *Milligan v. Schenley Distillers, Inc.*, 584 S.W.2d 751, 753 (Ky.App.1979) (citing CR 19.01), superseded on other grounds by statute, KRS 342.285. Unlike proceedings in the trial courts, where failure to name an indispensable party may be remedied by a timely amendment to the complaint, "under the appellate civil rules, failure to name an indispensable party in the notice of appeal is 'a jurisdictional defect that cannot be remedied'" after the thirty-day period for filing a notice of appeal as provided by CR 73.02 has run.[2] *Nelson County Bd. of Educ. v. Forte*, 337 S.W.3d 617, 626 (Ky.2011) (*quoting City of Devondale v. Stallings*, 795 S.W.2d 954, 957 (Ky.1990)).

▮▮▮ We recognize that upon occasion a party who was necessary and indispensible in the trial court may not be necessary and indispensible to a subsequent appeal. In determining whether a party is truly necessary on appeal, the court must ask "who is necessary to pursue the claim.... If a party's participation in the appeal is unnecessary to grant relief, and requiring its participation would force unnecessary expense on the party, then ... such a party is not indispensable." *Id.* at 625. So, the issue is whether Brooksie Horn and/or Tammie Horn have an interest that would be *affected* by the decision of the Court of Appeals, regardless of whether that interest is affected adversely or favorably.

▮▮▮ We agree with Appellant that *some* possible outcomes of the appeal in this case would place no additional burden upon the Horns' interest in their serviant estate. However, their interest would be affected if the Court of Appeals concluded,

---

**2.** Of course if the Appellant catches the deficiency prior to the expiration of the thirty-day notice requirement and timely corrects the deficiency by filing a proper notice of appeal, the deficient notice may thereby be remedied. It is only after the expiration of the thirty-day notice requirement that the defect "may not be remedied" at all.

as Appellant argues, that the width of the easement must be measured from the center of the roadway, extending in width an equal distance (either six feet or eight feet) toward Appellant's property and toward the Horns' property. Under this outcome, the Horns' interest would be at least slightly affected because either more or less of their property would be burdened by the easement. The necessity of joining parties whose interest may be affected is not eliminated simply because the effect upon that interest may be minimal, or even beneficial to them. Because both Brooksie and Tammie Horn have an interest that could be affected by a final judgment, we conclude that they are indispensable parties to the appeal and that naming them in the Notice of Appeal was essential to vest the Court of Appeals with jurisdiction over that interest.

### III. TAMMIE HORN WAS NOT NAMED AS A PARTY IN APPELLANT'S APPEAL

Appellant next argues that even if the Horns are indispensable parties, Brooksie Horn was adequately named as a party to the appeal because his name was included in the caption of the Notice of Appeal. Pursuant to CR 73.03, the statute that governs the required content of notices of appeal, "[t]he notice of appeal shall specify by name all appellants and all appellees ('et al.' and 'etc' are not proper designation of parties)[.]"

█ A notice of appeal is the "means by which an appellant invokes the appellate court's jurisdiction" and as noted above, "failure to name an indispensable party in the notice of appeal is 'a jurisdictional defect that cannot be remedied.' Neither the doctrine of substantial compliance nor the amendment of the notice after time had run could save such a defective notice because the appellant 'cannot … retroac-

tively create jurisdiction.'" *Nelson County Bd. Of Educ.*, 337 S.W.3d at 626 (*quoting City of Devondale*, 795 S.W.2d at 957). We have held that "naming a party in the caption of the notice is, standing alone, sufficient to satisfy the rule, even though the party is not named in the body of the notice." *Lassiter v. American Exp. Travel Related Servs. Co., Inc.*, 308 S.W.3d 714, 718 (Ky.2010). In *Lassiter*, we reasoned that, "although a party may not be named in the body of the notice, by listing the party in the caption, fair notice is given … and thus the objective of the notice is satisfied." *Id.* Therefore, Brooksie Horn was properly named as a party to the appeal.

█ However, it is obvious beyond dispute that Tammie Horn was *not* made a party to the appeal. Her name appears on neither the caption, nor in the body of Appellant's Notice of Appeal. Both Brooksie and Tammie Horn own the property as joint tenants with a right-of-survivorship, and Tammie's personal interest is of no lesser quality than Brooksie's. The only argument available to Appellant that would capture Tammie Horn as a party to the appeal is that she was included in the "et al." designation in the caption of the Notice. CR 73.03, however, explicitly states that " 'et al.' and 'etc.' are not proper designation of parties" and this Court has recognized that "[t]he term 'et al.' as used in the caption is a practice specifically disapproved by CR 73.03." *Lassiter*, 308 S.W.3d at 718. Accordingly, Tammie Horn was not named as a party to the appeal.

### IV. CONCLUSION

Since Tammie Horn was an indispensable party in the Court of Appeals who was not named in the Notice of Appeal filed therein, we affirm the Court of Appeals' order dismissing the appeal.

MINTON, C.J., ABRAMSON, CUNNINGHAM, NOBLE, SCOTT, JJ., sitting. All concur.