**LIQUOR WORLD OF CORBIN, LLC, Appellant**

v.

**COMMONWEALTH of Kentucky, DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL and Daniel Reed, in His Official Capacity As Distilled Spirits Administrator, Commonwealth of Kentucky, Department of Alcoholic Beverage Control, Appellees**

NO. 2013–CA–000003–MR

Court of Appeals of Kentucky.

RENDERED: DECEMBER 24, 2014; 10:00 A.M.

Case Ordered Published by Court of Appeals March 13, 2015

BRIEF FOR APPELLANT: Brooks Stumbo, Richmond, Kentucky

BRIEF FOR APPELLEE: Stephen B. Humphress, Peter F. Ervin, LaTasha Buckner, Frankfort, Kentucky.

BEFORE: ACREE, CHIEF JUDGE; JONES AND MAZE, JUDGES.

*OPINION AND ORDER*

JONES, JUDGE:

Liquor World of Corbin, LLC ("Liquor World") brings this appeal challenging the Franklin Circuit Court's dismissal of its Verified Complaint for Injunctive and Declaratory Relief against the Commonwealth of Kentucky Department of Alcoholic Beverage Control and Daniel Reed, in his official capacity as Distilled Spirits Administrator, Commonwealth of Kentucky Department of Alcoholic Beverage Control (hereinafter collectively referred to as "the Department"). Having reviewed the record, we conclude that we must DISMISS this appeal because Liquor World failed to join the entities whose liquor licenses it seeks to enjoin or revoke.

## II. BACKGROUND

In February 2012, the residents of Corbin, Kentucky voted to approve alcoholic beverage sales. The Department allocated three (3) quota retail liquor licenses for Corbin pursuant to KRS [1] 242.125. Liquor World was one of twelve applicants for the three licenses. The Department notified Liquor World by letter dated July 10, 2012, that its application for a liquor license had been rejected. It is undisputed

[1]. Kentucky Revised Statutes

that Liquor World did not take any further administrative action to challenge the denial of its license.

The three licenses were granted to Liquor Mart of Corbin, LLC; Ernie's Spirit, LLC; and Liquor King, LLC (hereinafter referred to as "the Three Licensees"). By way of an open records request, Liquor World conducted an investigation into the circumstances surrounding the issuance of licenses to these three entities. It discovered several instances of alleged improper conduct and noncompliance with the licensing application statutes. By letter dated September 28, 2012, Liquor World outlined "the statutory violations by the [Department] in determining to issue licenses to entities which had not complied with applicable regulations and requirements" and formally requested an evidentiary hearing in front of the Department's Board.

By letter dated October 15, 2012, the Department denied Liquor World's request for a hearing stating that "the law does not provide an unsuccessful applicant with the right to such an appeal or administrative hearing regarding issuance of quota licenses to successful applicants." The Department stated that it would forward Liquor World's letter to its "enforcement division for investigation."

After having been notified that the Department had denied its request for a hearing, Liquor World filed a complaint seeking declaratory and injunctive relief with the Franklin Circuit Court. As relief, Liquor World sought a declaration that the Department could not lawfully issue liquor licenses to the Three Licensees and that it must terminate any licenses already issued to them and an injunction enjoining the Department from issuing the licenses·and otherwise continuing to violate applicable statutes. Liquor World invoked the circuit court's jurisdiction "pursuant to KRS 418.050, KRS 243.560, and KRS 13B.140"

and "because this is an action seeking judicial review of a final order of an administrative agency of the Commonwealth of Kentucky." Notably, the Three Licensees were not, named as parties in Liquor World's complaint.

The Department filed a motion asking the circuit court to dismiss Liquor World's complaint against it. By Opinion and Order entered November 30, 2012, the circuit court granted the Department's motion. The circuit court found as follows:

> [T]his Court is without subject matter jurisdiction over [Liquor World's] Complaint as [Liquor World] did not exhaust its administrative remedies and is otherwise without standing to challenge the [Department's] licensing decision. Without perfecting its appeal rights, [Liquor World] waived its right of appeal as an unsuccessful applicant, and [Liquor World] independently lacks standing as a concerned citizen to challenge the issuance of the three liquor license to the successful applicants.

Liquor World then filed the instant appeal challenging the circuit court's dismissal of its action. Because Liquor World did not name the Three Licensees in the action below, they were likewise omitted as parties to its appeal.

## II.

■■■ "It is fundamental that a court must have jurisdiction before it has authority to decide a case. Jurisdiction is the ubiquitous procedural threshold through which all cases and controversies must pass prior to having their substance examined." *Wilson v. Russell,* 162 S.W.3d 911, 913 (Ky. 2005). Each court or administrative body "must determine for itself whether it has jurisdiction." *Id.* at 914 (quoting *Hubbard v. Hubbard,* 303 Ky. 411, 197 S.W.2d 923 (1946)).

■ "Unlike proceedings in the trial courts, where failure to name an indispensable party may be remedied by a timely amendment to the complaint, under the appellate civil rules, failure to name an indispensable party in the notice of appeal is a jurisdictional defect that cannot be remedied after the thirty-day period for filing a notice of appeal as provided by CR 73.02." *Browning v. Preece*, 392 S.W.3d 388, 391 (Ky. 2013) (internal citations omitted). "[F]ailure to name a separate, indispensible party is a jurisdictional defect that cannot be remedied by amendment." *Flick v. Estate of Wittich*, 396 S.W.3d 816, 824 (Ky. 2013).

■ The test for determining whether a party is indispensable is whether that party would "have an interest that would be affected by the decision of the Court of Appeals, regardless of whether that interest is affected adversely or favorably." *Browning v. Preece*, 392 S.W.3d 388, 391–92 (Ky. 2013). "The necessity of joining parties whose interest may be affected is not eliminated simply because the effect upon that interest may be minimal, or even beneficial to them." *Id.*

■ A review of Liquor World's appellate brief certainly indicates that the Three Licensees have an interest in the outcome of this appeal. Liquor World states that its circuit court action centered on the issue of whether the Department "exceeded its power by awarding licenses to entities that were not qualified." As relief in the underlying action, Liquor World sought an injunction revoking the licenses that the Department issued to the Three Licensees or enjoining the Department from taking further actions to formally issue the licenses after having approved them. If we reversed the circuit court's dismissal as Liquor World requests, it would revive the underlying action, which centers on the Three Licensees's right to keep their liquor licenses. It is inconceivable to us that the Three Licensees would not have an interest in the outcome of this case.

We find additional support for this conclusion in a 1966 opinion from the Court of Appeals, at that time the highest court in the Commonwealth, *George v. Kentucky Alcoholic Beverage Control Bd.*, 403 S.W.2d 24, 26 (Ky. 1966). In *George*, a competitor sought to challenge the Department's issuance of a liquor license to Netherland, the applicant. The court dismissed the appeal for failure to join an indispensable party where the applicant was not named as a party to the appeal. The court also observed that it was immaterial to its jurisdictional analysis that the applicant had not been named as a party below prior to the appeal. *Id.* ("Because of the absence of Netherland as a party in the proceeding below, there is nothing we could effectively adjudicate. Certainly we could not reverse the judgment and deprive him of his license. The attempted appeal here is as unavailing as the one in the circuit court.").

### III. CONCLUSION

For the foregoing reasons, this appeal is DISMISSED for lack of jurisdiction.

ALL CONCUR.