**ICON–LEX DEVELOPMENT, LLC, Appellant**

v.

**REI REAL ESTATE SERVICES, LLC; and Poe Companies, LLC, Appellees**

**NO. 2014–CA–001643–MR**

Court of Appeals of Kentucky.

MAY 13, 2016

BRIEFS FOR APPELLANT: Kirk Hoskins, Louisville, Kentucky.

BRIEF FOR APPELLEE: Michael F. Tigue, Dennis D. Murrell, Louisville, Kentucky.

BEFORE: COMBS, J. LAMBERT, AND VANMETER, JUDGES.

*OPINION AND ORDER*

VANMETER, JUDGE:

Easements in gross and easements appurtenant are differentiated by whether the easement benefits a particular grantee or a particular piece of land. Icon–Lex Development, LLC ("Icon") appeals from the Jefferson Circuit Court's September 15, 2014, order finding that the easement in question is an easement appurtenant and thus granting judgment on the pleadings to REI Real Estate Services, LLC and Poe Companies, LLC ("REI"). For the following reasons, we dismiss this appeal for a lack of jurisdiction.

Icon previously owned property located at 2100 Liebert Lane, Louisville, Kentucky (the "Liebert property"). In order to develop the Leibert property, Icon secured an ingress/egress easement (the "first easement") across adjacent property owned by the Commonwealth of Kentucky's Transportation Cabinet. Although the Leibert property was not landlocked, the first easement provided additional access from Lexington Road to the Leibert property. The first easement states the following:

WHEREAS, the Finance and Administration Cabinet, pursuant to the provisions of KRS Chapters 45A and 56, has found that the hereinafter described property interest could be used more suitably for the public's interest by the Grantee [Icon] for use as a perpetual easement for vehicular and pedestrian ingress and egress[.]

After failing to develop the Leibert property, Icon conveyed the property to IBP1, LLC ("IBP1"), the mortgagee, by a Warranty Deed in Lieu of Foreclosure. The deed did not include the easement and specifically excepts the property containing the easement from the conveyance. IBP1 subsequently sold the Leibert property to REI. REI prepared and revised development plans for the Leibert property utilizing the ingress/egress rights provided by the first easement and began to develop the property. Shortly thereafter, Icon demanded that REI pay Icon for its use of the first easement. REI refused, and Icon filed suit seeking declaratory and injunctive relief against REI's use of the first easement, claiming that Icon alone is entitled to permit, deny and otherwise benefit/profit from the ingress/egress rights granted by the easement.

REI then executed a second ingress/egress rights document with the Transportation Cabinet, entitled "Confirmation of Grant of Easement" ("Confirmation"). The Confirmation also permitted vehicular and pedestrian access from Lexington Road across the Cabinet's property to the Leibert property. REI claims that the Confirmation does not modify or alter the terms of the first easement, but rather clarifies the Cabinet's intention in granting the first easement and then grants a second and wholly separate appurtenant access easement to REI. The Confirmation states, in relevant part:

WHEREAS, Grantor [Cabinet] made a Grant of Easement to Icon–Lex Development, LLC, which is recorded in Deed Book 9423, Page 933, in the office of the

Clerk of Jefferson County, Kentucky (the "Easement"), which Easement was for the benefit of the property owned by Icon–Lex Development, LLC at the time of the Grant of Easement (the "Benefited Property")[the Leibert Property][.]

. . .

Although the Easement is for all intents and purposes appurtenant to the Benefited Property and would therefore be transferred with title to the Benefited Property without express reference, Grantor [Cabinet] and Grantee [REI] desire to remove any possible ambiguity by Grantor [Cabinet] confirming the Grant of Easement, and the following provisions of this instrument repeat the language from the original Grant of Easement but in favor of the current owner of the Benefited Property and express the appurtenant nature of the Easement[.]

. . .

NOW THEREFORE, for and in consideration of the above premises, and for no monetary consideration, the Grantor [Cabinet] does hereby grant and convey unto the Grantee [REI], its successors and assigns forever, a perpetual easement for vehicular and pedestrian ingress and egress over, across, and through the land of the Grantor [Cabinet][.]

REI filed an answer to Icon's petition for declaratory relief and a counterclaim, asking that the court rule that the first easement was appurtenant to the Leibert property and that the Confirmation constituted a second easement in favor of REI. REI also sought to recover costs of defending the action and reasonable attorney's fees.

REI filed a motion for Judgment on the Pleadings, and Icon filed a Motion for Summary Judgment. While the motions were pending, REI sold the Leibert property to Lexington Road Apartments, LLC,[1] and the trial court granted Icon's motion to amend its complaint to add Lexington Road Apartments as a Defendant. After the dispositive motions had been heard, the trial court entered an order holding that the first easement was appurtenant to ownership of the Leibert property. The trial court stated:

Based on the foregoing, the Court finds that the easement in question herein is an easement appurtenant. It was originally granted to Icon for purposes of furthering its development of the property. It remains with the land to service the development project of REI and Poe. While the "Confirmation of Easement" procured from the Finance Cabinet, although seemingly irregular, clarifies the chain of title, so that there are no future disputes regarding ownership of the easement.

From this order, Icon appeals.

CR [2] 56.03 provides that summary judgment is appropriate when no genuine issue of material fact exists and the moving party is therefore entitled to judgment as a matter of law. Summary judgment may be granted when "as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor and against the movant." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.,* 807 S.W.2d 476, 483 (Ky.1991) (internal quotations omitted). Whether summary judgment is appropriate is a legal question involving no factual findings, so a trial court's grant of summary judgment is reviewed *de novo. Coomer v. CSX Transp., Inc.,* 319 S.W.3d 366, 370–71 (Ky.2010).

▮▮▮▮ First, REI argues that this appeal should be dismissed for failure to join

---

1. The deed between REI and Lexington Apartments expressly provides that the deed includes the first easement.

2. Kentucky Rules of Civil Procedure.

an indispensable party since Icon failed to name Lexington Road Apartments in its notice of appeal.

Unlike proceedings in the trial courts, where failure to name an indispensable party may be remedied by a timely amendment to the complaint, under the appellate civil rules, failure to name an indispensable party in the notice of appeal is a jurisdictional defect that cannot be remedied after the thirty-day period for filing a notice of appeal as provided by CR 73.02 has run.

We recognize that upon occasion a party who was necessary and [indispensable] in the trial court may not be necessary and [indispensable] to a subsequent appeal. In determining whether a party is truly necessary on appeal, the court must ask "who is necessary to pursue the claim.... If a party's participation in the appeal is unnecessary to grant relief, and requiring its participation would force unnecessary expense on the party, then ... such a party is not indispensable.

*Browning v. Preece*, 392 S.W.3d 388, 391 (Ky.2013) (internal quotations and citations omitted). Icon counters that REI's argument essentially admits that REI is not a real party in interest, and therefore, has no justiciable claim. Icon argues that this means REI is not entitled to the relief sought in its counterclaim and motion for judgment on the pleadings which was granted by the trial court's order.

Lexington Apartments, as the current owner of the Leibert property, is undoubtedly necessary to Icon's claim for declaratory relief. REI's ownership status is irrelevant since the trial court clearly held that the first easement is appurtenant and thus remains with the land when the land is conveyed.[3] Since Lexington Apart-

ments presumably intends to develop the Leibert property, Lexington Apartments is the party currently utilizing, and the party with the right to utilize, the first easement and would be the only defendant affected by this court's decision. Accordingly, Icon's failure to name Lexington Apartments in the notice of appeal is an incurable jurisdictional defect and Icon's notice of appeal must be dismissed.

Icon's appeal from the order of the Jefferson Circuit Court is hereby dismissed.

ALL CONCUR.

---

3. The court's order makes no mention of an award of costs or fees to REI, and the parties do not mention any such award. Thus, we assume that no award was made.