RENDERED:  FEBRUARY 12, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0507-MR

ESTATE OF JUSTIN REEDER                                   APPELLANT

APPEAL FROM BOYD CIRCUIT COURT
v.          HONORABLE GEORGE W. DAVIS, III, JUDGE
ACTION NO. 17-CR-00029

COMMONWEALTH OF KENTUCKY                                   APPELLEE

OPINION AND ORDER
DISMISSING APPEAL

** ** ** ** **

BEFORE:  CALDWELL, COMBS, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE:  The Estate of Justin Reeder ("Appellant") appeals

from an order of the Boyd Circuit Court denying Appellant's Kentucky Rules of

Civil Procedure ("CR") 60.02 motion to vacate a forfeiture order.  Because

Appellant failed to name indispensable parties, we dismiss the appeal.

# FACTS AND PROCEDURAL HISTORY

The matter before us is the third appeal in related civil and criminal proceedings arising from a missing person and death investigation conducted by the Ashland Police Department in October, 2016. That investigation discovered marijuana, weapons, drug paraphernalia, and approximately $123,000 in cash located in a residence shared by the decedent, Justin Reeder, and his roommate, Justice Keziah. In the interest of judicial economy, we adopt the factual and procedural recitation from an Opinion of a panel of this Court in *Estate of Reeder v. Ashland Police Department*, 588 S.W.3d 160 (Ky. App. 2019). The panel of this Court stated as follows:

> On October 17, 2016, APD received a missing person report on Justin Reeder. The report noted Reeder was last seen with Jacob Lane. Two days later, APD officers initiated a formal investigation after receiving reports that Reeder's body was found in an unknown field. Upon hearing this report, APD officers interviewed Reeder's parents at their home.
>
> During the interview, Reeder's mother consented to a search of Reeder's bedroom. In its search, the officers discovered items believed to be related to drug trafficking. After that, the officers furthered their investigation by traveling to Reeder's residence. Upon arrival, Reeder's roommate, Justice Keziah, answered the door. Keziah invited the officers into the residence. Once inside, the officers smelled the strong odor of marijuana. Keziah admitted to having marijuana in the house and consented to the officers searching his room.

Once officers entered Keziah's room, they saw marijuana, weapons, drug paraphernalia, and a small amount of cash in plain view. After searching the room, officers discovered: (1) an AR-15 semi-automatic weapon with a full magazine of armor-piercing ammunition; (2) a 12-gauge shotgun; and (3) a five-pound bucket with numerous bags of marijuana, pipes, and other items related to drug trafficking. Upon finding these items, the officers arrested Keziah. Later in the investigation, APD officers obtained a search warrant for Reeder's home, enabling them to search the entirety of the premises. In their search, officers seized items indicative of drug trafficking, including: (1) brownies/cookies believed to contain marijuana; (2) gun parts; (3) ammunition; and (4) $123,000 in cash. A grand jury indicted Keziah for felony trafficking of marijuana and misdemeanor possession of drug paraphernalia.

In November 2016, Tim Reeder, Justin Reeder's father, petitioned the Boyd Circuit Court to be appointed Administrator of the Estate, which the court granted. On February 13, 2017, the Estate filed a motion to intervene in Keziah's criminal case, requesting to be made a party and asserting its interest in $120,050 of the seized funds. It argued in the motion that the amount listed belonged to Reeder, was not involved in Keziah's criminal case, and rightfully belonged to the Estate.

On February 24, 2017, the Commonwealth of Kentucky offered a recommendation upon a guilty plea of Keziah. In this, the Commonwealth stated it would recommend a sentence of two years for the trafficking of marijuana charge and one year on the possession of drug paraphernalia charge. Further, both counts would run concurrently and be probated for two years, upon the condition that the contraband seized, including the $123,000, be forfeited to APD. That same day, Keziah pleaded guilty to the charges.

During Keziah's sentencing, Judge Hagerman indicated forfeiture would not be adjudicated on that date. Also, he stated the motion to intervene was not well taken and the Estate should file a separate civil action. On May 1, 2017, Judge Hagerman entered an order denying the Estate's motion to intervene and, in a separate order, ruled the seized money be forfeited to APD.[1] The Boyd Circuit Court, Criminal Division, did not serve the Estate with the order. Two days later, Judge Hagerman entered an amended forfeiture order.[2] And again, the Estate was not served.

On May 4, 2017, the Estate filed a complaint in the Boyd Circuit Court, Civil Division, naming APD and Keziah defendants. In its complaint, the Estate alleged the court had jurisdiction to adjudicate the forfeiture issue, determining ownership of the $120,050. In December 2017, APD filed a motion for summary judgment in the civil case, arguing no issues of material fact existed because [Kentucky Revised Statutes (KRS)] 218A.460 vests exclusive jurisdiction to determine forfeiture issues in the court in which the forfeiture proceeding has been requested. Also, it argued the funds in question were properly ordered forfeited to APD under the court's May 1 and May 3, 2017, orders, which were final orders that the Estate never appealed.

On December 22, 2017, the Estate filed a motion for an extension of time to file an appeal in the Keziah criminal case, 17-CR-00029. In its motion, the Estate argued for an extension of time under CR 6.02, CR 73.02, and CR 77.04. Further, it argued: (1) Judge Hagerman ruled the Estate had no standing to intervene in the case; (2) no written orders reflecting said ruling were entered until two months after the hearing; and (3)

---

[1] The order directed 15% of the sum to be payable to the Prosecutor's Advisory Council for the 32nd Judicial Circuit ("PAC32").

[2] The amended forfeiture order corrected the amount of the currency to be forfeited.

the Boyd Circuit Court Clerk's Office did not serve it with either order; thus, its failure to appeal within the mandated time constituted excusable neglect. The Boyd Circuit Court, Criminal Division, denied the motion and also denied the Estate's motion to alter, amend, or vacate. The Estate appealed the denial to this Court. We dismissed the appeal.

On January 23, 2018, the Boyd Circuit Court, Civil Division, granted summary judgment in the case before us today. In its judgment, the trial court ruled that under KRS 24A.460, "a separate [civil] action . . . is not maintainable . . . [because] the only jurisdiction for the contest of the forfeited property would have been in 17-CR-29 in the Boyd Circuit Court." It further found that "[t]he remedy of the [Estate] would have been to file an appeal from the Court's Order denying the motion to intervene. . . . [And since] the appeal was not taken by the [Estate], in the criminal action, this action is now barred by res judicata." The Estate filed a motion to alter, amend, or vacate the trial court's judgment, but it was denied.

*Id.* 162-64 (citations and original footnotes omitted).

This Court rendered an Opinion on October 18, 2019, affirming the summary judgment in favor of the APD. Shortly thereafter, Appellant filed a motion in the criminal proceeding to set aside the amended forfeiture order pursuant to CR 60.02. In support of the motion, Appellant asserted that it never received the May 2017 order of the Boyd Circuit Court denying its motion to intervene. Specifically, Appellant argued that the apparent failure of the clerk to serve Appellant with the order created excusable neglect for failing to timely

-5-

appeal the amended forfeiture order. The circuit court entered an order denying the motion for CR 60.02 relief, and this appeal followed.

## ANALYSIS

Appellant now argues that the Boyd Circuit Court erred in denying its CR 60.02 motion to set aside the amended forfeiture order. It contends that the circuit court clerk's failure to give it notice of the order denying its motion to intervene creates excusable neglect for its failure to appeal the amended forfeiture order. Appellant also argues that by virtue of Keziah's waiver of any ownership interest in the funds, Appellant has a meritorious claim to the money, and there is no prejudice to the Commonwealth in this matter. Appellant seeks an opinion reversing the trial court's denial of its motion for CR 60.02 relief and remanding the matter for disposition on the merits.

In response, the Commonwealth ("Appellee") argues that Appellant's failure to name indispensable parties to the appeal, namely the APD and PAC32, is fatal to the appeal because they have a legal interest in the funds to which Appellant claims entitlement. Appellee also argues that the CR 60.02 motion was untimely and not otherwise supported by the facts and the law.

An indispensable party is one whose absence prevents the court from granting relief to the other parties. *Browning v. Preece*, 392 S.W.3d 388, 391 (Ky. 2013). A person is a necessary party before an appellate tribunal if he would be a

necessary party before the trial court on remand for further proceedings.  *Kesler v. Sheehan*, 934 S.W.2d 254, 257 (Ky. 1996).  The "failure to name an indispensable party in the notice of appeal is a jurisdictional defect that cannot remedied[.]" *Browning*, 392 S.W.3d at 391 (internal quotation marks and citation omitted).

In *Kesler*, *supra*, for example, the Kentucky Supreme Court held that residual legatees under a will were indispensable parties on appeal because they had a legal interest in the disposition of the will.  *Kesler*, 934 S.W.2d at 257.  The legatees in *Kesler* may properly be analogized to APD and PAC32, which not only have a legal interest in the disposition of the forfeiture but in all likelihood received the distribution in 2017.  Similarly, a panel of this Court dismissed an appeal upon concluding that a surety who guaranteed a criminal bond was an indispensable party on appeal, as he had a pecuniary interest in the outcome of the proceedings.  *McManomy v. Commonwealth*, No. 2012-CA-000605-MR, 2013 WL 3897411 (Ky. App. Jul. 26, 2013).

In 2017, the Boyd Circuit Court entered the forfeiture order dispersing the funds to the APD and PAC32.  This created a legal ownership interest in the funds in favor of the APD and PAC32.  "The final order of forfeiture by the court shall perfect in the Commonwealth or appropriate law enforcement agency, as provided in KRS 218A.420, right, title, and interest in and to the property."  KRS 218A.460(2).  KRS 218A.420(4)(a) and (b) expressly provide for an 85%

distribution to a law enforcement agency and 15% to a Prosecutor's Advisory Council.

## CONCLUSION

The APD and PAC32 have right, title, and interest in and to the forfeited property by virtue of the order of the Boyd Circuit Court and application of KRS Chapter 218A. As such, they are indispensable parties to this appeal. As they were not timely made parties to this appeal, we dismiss the appeal. The remaining arguments as to CR 60.02 motion are moot.

ALL CONCUR.

ENTERED: February 12, 2021      /s/ Larry E. Thompson
                                               Judge, Court of Appeals

BRIEF FOR APPELLANT:         BRIEF FOR APPELLEE:

Sebastian M. Joy               Daniel Cameron
Catlettsburg, Kentucky         Attorney General of Kentucky

                                      James C. Shackelford
                                      Assistant Attorney General
                                      Frankfort, Kentucky