RENDERED:  JUNE 11, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2018-CA-0621-MR

STITH FUNERAL HOME OF DANVILLE, INC.                    APPELLANT

APPEAL FROM BOYLE CIRCUIT COURT
v.        HONORABLE DARREN W. PECKLER, JUDGE
ACTION NO. 16-CI-00207

RAUL KAZEE                                               APPELLEE

OPINION AND ORDER
DISMISSING
AND DENYING MOTION TO STRIKE AS MOOT

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; KRAMER AND McNEILL, JUDGES.

KRAMER, JUDGE:  Stith Funeral Home of Danville, Inc. ("Stith") appeals a

judgment of the Boyle Circuit Court dismissing its action to enforce a promissory

note against the appellee, Raul Kazee.  Because Stith failed to join an

indispensable party to this appeal, we lack jurisdiction to resolve Stith's appeal and

therefore dismiss.

By way of background, Betty Holder and Raul Kazee executed the aforementioned promissory note in favor of Stith on August 31, 2015. In relevant part, the promissory note provided:

> FOR VALUE RECEIVED, the undersigned hereby jointly and severally promise to pay to the order of Stith Funeral Home of Danville, Inc., 318 W. Broadway, Danville, Ky., the sum of four thousand nine [sic] ninety-five Dollars ($4995.-), together with interest thereon at the rate of 29.9% per annum on the unpaid balance.
>
> Said sum shall be paid in the manner following:
>
> . . .
>
>> 7. PAYMENTS: All payments are as follows: A payment of $500.00 is due and payable from Rawl [sic] Kazee on September 21, 2015. A payment of $4000.00 from the tax return of Betty Holder is due by October 15, 2015. A payment of $500.00 is due and payable from Rawl [sic] Kazee on October 15, 2015. The balance of principle [sic] and interest shall become due and payable in the calendar month of October 2015 if all payments are made timely.
>
> In the event that Note shall be in default, and placed with an attorney for collection, then the undersigned agree(s) to pay all reasonable attorney fees, funeral director and clerical fees for collection, court costs, and/or any other costs of collection as agreed in the Stith Funeral Home, Statement of Goods and Services Selected contract. Payments not made within five (5) days of due date shall be subject to a late charge of 15% of said payment. All payments hereunder shall be made by the borrower at the

office of Stith Funeral Home, 318 W. Broadway,
Danville, Ky.

On June 21, 2016, Stith filed suit in Boyle Circuit Court against *both* Holder and Kazee to enforce the note, claiming the two were in default—and, for purposes of this appeal, this point is dispositive as will be examined further in this Opinion. Pursuant to the first paragraph of the note set forth above, Stith alleged that a default consequently rendered Holder and Kazee "jointly and severally" liable for various sums associated with the note, including "$$6,995.00plus [sic] interest accruing at a monthly rate of 2.4% per month until paid in full" – as well as "[t]he costs of this action, plus reasonable attorney's fees[.]"

Because Holder filed no answer, the circuit court granted Stith an interlocutory[1] default judgment against her on August 4, 2016. Moreover, the default judgment against Holder awarded Stith the full extent of relief that Stith had prayed for in its complaint. To that end, the judgment provided in relevant part:

> The Plaintiff in this matter is granted a default judgment
> against Defendant Betty Holder for:

---

[1] As indicated, Stith filed claims to enforce the note against two parties, Holder and Kazee. Because the August 4, 2016 default judgment only adjudicated Stith's claims against Holder and because it did not recite that it was final and that there was no just reason for delay, the August 4, 2016 judgment remained non-final until March 21, 2018 (*i.e.*, when, as discussed below, the circuit court entered its subsequent order disposing of Stith's remaining claims against Kazee). *See* Kentucky Rule of Civil Procedure (CR) 54.02(1) and (2).

1.  $6,995.00 plus interest accruing at a monthly rate of 2.4% per month beginning September 1, 2015 until paid in full;

2.  The costs of this action in the amount of $196.00 and

3.  Attorney's fees in the amount of $2,098.00.

Kazee, nonetheless, filed an answer denying he had defaulted upon any obligation under the August 31, 2015 promissory note. Over the course of the litigation and bench trial that followed, he claimed his obligations under the note had not been "joint and several" as Stith alleged, but had instead been limited to what had been set forth in the section of the promissory note entitled "7. PAYMENTS." Noting that he had undisputedly made the two payments of $500 described in that section,[2] he argued that he had effectively satisfied every obligation he had assumed under the terms of the note and that he was accordingly not liable to Stith for any of the additional sums set forth in Stith's complaint.

Following the bench trial in this matter, the circuit court ultimately agreed with Kazee. In its dispositive March 21, 2018 order to that effect, the circuit court explained that the language of the first paragraph (which indicated Holder and Kazee had "jointly and severally" promised to pay Stith) and the

---

[2] To be sure, the parties agree that Kazee paid Stith $1,000 on August 31, 2015, and $500 on September 22, 2015 for a total of $1,500, not $1,000.

-4-

language of the "PAYMENTS" paragraph (which delineated the specific amounts that Kazee and Holder would respectively pay) created an ambiguity and warranted the admission of parol evidence to ascertain the parties' intent. And, after extensively reviewing that evidence in its order, the circuit court concluded as follows:

> [T]he Court is of the belief and so finds that the Defendant Kazee's liability under the terms of the contract, as set forth specifically in Paragraph 7, is the limitation of the Defendant Kazee's liability with regard to this contract. Inasmuch as same appears to have been the intent of Mr. Kazee and by the actions of the Plaintiff appears to have been their intent also that the defendant Holder would be liable for the balance of the debt, insomuch as only Ms. Holder was notified of the deficiencies. As such the Court would hereby find in favor of the Defendant Kazee, and against the Plaintiff Stith Funeral Home of Danville, Inc. The Court would further find that *the balance of the contract and the amounts due are the single and sole responsibility of the Defendant Holder in the instant action*.

(Emphasis added.)

In other words, the circuit court determined that Holder was liable for *all* of Stith's damages, and Kazee was liable for *nothing*. Stith then appealed. But, as stated, we now dismiss due to a jurisdictional defect: Stith failed to join Holder to this appeal, and Holder is an indispensable party.

Although the parties have not questioned our jurisdiction over this case, we are compelled to ensure that this appeal is properly before us. *See, e.g.,*

-5-

*Kentucky High School Athletic Ass'n v. Edwards*, 256 S.W.3d 1, 4 (Ky. 2008) (quoting *Hook v. Hook*, 563 S.W.2d 716, 717 (Ky. 1978) ("Although the question is not raised by the parties or referred to in the briefs, the appellate court should determine for itself whether it is authorized to review the [matter.]")).

Regarding whether Stith failed to *join* Holder, Stith's notice of appeal does, to be sure, list Holder in its caption (albeit as a "defendant"). And, under some circumstances, Holder's name appearing in the caption would be enough to place Holder before this Court under a substantial compliance standard. *See, e.g.*, *Lassiter v. American Exp. Travel Related Services Co., Inc.*, 308 S.W.3d 714, 718 (Ky. 2010) ("Thus, although a party may not be named in the body of the notice, by listing the party in the caption, fair notice is given to the opposing party, and thus the objective of the notice is satisfied.").

However, the principal objective of a pleading, particularly a notice of appeal adequate for purposes of CR 73.03, is to give fair notice to the opposing party. *See Blackburn v. Blackburn*, 810 S.W.2d 55, 56 (Ky. 1991). The doctrine of substantial compliance cannot cure lack of fair notice. To comply with CR 73.03 – and effectively join a party as an appellee – the notice of appeal must substantially identify the party in the caption *and* be effectively served upon that party. *See, e.g.*, *D.L.B. v. Commonwealth*, 605 S.W.3d 347, 349 (Ky. App. 2020) ("Given the lack of any indication that the Cabinet received actual notice, we

-6-

cannot say that just including the Cabinet in the caption of the notice of appeal amounted to substantial compliance with the requirements of Kentucky Rules of Civil Procedure (CR) 73.03."); *see also A.M.W. v. Cabinet for Health & Family Servs.*, 356 S.W.3d 134, 135 (Ky. App. 2011) (dismissing an appeal for failure to comply with CR 73.03 and join an indispensable party (*i.e.*, the child) where, although the child was named in the caption, the guardian *ad litem* was not served with a copy of the notice of appeal); *see also Morris v. Cabinet for Families and Children*, 69 S.W.3d 73, 74 (Ky. 2002), explaining:

> Appellants' notice of appeal named the minor child, CJM, in the caption, and, although he was not included in the certificate of service, copies of the pleadings were provided to the child's guardian ad litem. These factors together substantially comply with the requirements of CR 73.03 and provided sufficient notice to all parties concerned that the minor child was also an Appellee.

In the vein of the three cases cited immediately above, nothing in our record shows that there was any service on Holder of the notice of appeal, and she was not included in the certificate of service, despite her name appearing in the caption. And, unlike the *Lassiter* and *Blackburn* line of cases wherein a party is named only in the caption but notice of the appeal has been accomplished in some substantially compliant manner, Holder's non-party status in this appeal is illustrated and underscored by Stith's own conduct and filings. For example, to the

extent that the *body* of Stith's notice of appeal describes the appellate parties, it

does so as follows:

> The Appellant is Stith Funeral Home of Danville Inc.,
> represented by Brian D. Bailey Esq., McClure, McClure
> & Bailey PLLC, 326 West Main St., PO BOX 214,
> Danville, KY 40423.
>
> *The Appellee* against whom the appeal is taken is Raul
> Kazee who is represented by Stephen Wides Esq., 107
> Church St. Ste 200 Lexington Kentucky 40507.

(Emphasis added.)

Additionally, Stith's brief lists Kazee as the singular appellee in the

caption of its cover page; Stith's appellate brief does not list Holder in the

certificate of service; and Stith seeks no relief from Holder, while singularly

seeking relief from Kazee. The same is true of Stith's prehearing statement filed in

this Court, which likewise bears no indication that it was served upon Holder.

"The principal objective of pleadings is to give the opposing party fair

notice, and where the conduct of the parties leaves no doubt that this objective has

been met, this Court has upheld the intent of the 'notice' nature of the Civil Rules."

*Blackburn*, 810 S.W.2d at 56 (citing *Roberts v. Conley*, 626 S.W.2d 634, 639 (Ky.

1982)). Herein, however, the conduct of Stith during this appeal leaves no doubt

that Holder is *not* a party to this appeal. Accordingly, merely listing Holder in the

caption of the notice of appeal was wholly insufficient to grant her appellate party

status wherein there was never any notice to her of the appeal, the prehearing

statement, or the briefs; Holder has not been given an opportunity to participate in this appeal; Stith seeks no relief from her; and there is no other relevant conduct as to Stith's intent to include Holder as a party in this appeal. Thus, Holder is not a party to this appeal.

However, we must also consider whether she is an *indispensable* party to this appeal. In that regard, we begin with the applicable law. As explained in *Liquor World of Corbin, LLC v. Commonwealth Department of Alcoholic Beverage Control*, 458 S.W.3d 814, 816-17 (Ky. App. 2014),

> "It is fundamental that a court must have jurisdiction before it has authority to decide a case. Jurisdiction is the ubiquitous procedural threshold through which all cases and controversies must pass prior to having their substance examined." *Wilson v. Russell*, 162 S.W.3d 911, 913 (Ky. 2005). Each court or administrative body "must determine for itself whether it has jurisdiction." *Id*. at 914 (quoting *Hubbard v. Hubbard*, 303 Ky. 411, 197 S.W.2d 923 (1946)).
>
> "Unlike proceedings in the trial courts, where failure to name an indispensable party may be remedied by a timely amendment to the complaint, under the appellate civil rules, failure to name an indispensable party in the notice of appeal is a jurisdictional defect that cannot be remedied after the thirty-day period for filing a notice of appeal as provided by CR 73.02." *Browning v. Preece*, 392 S.W.3d 388, 391 (Ky. 2013) (internal citations omitted). "[F]ailure to name a separate, indispensible party is a jurisdictional defect that cannot be remedied by amendment." *Flick v. Estate of Wittich*, 396 S.W.3d 816, 824 (Ky. 2013).

The test for determining whether a party is indispensable is whether that party would "have an interest that would be affected by the decision of the Court of Appeals, regardless of whether that interest is affected adversely or favorably." *Browning v. Preece*, 392 S.W.3d 388, 391-92 (Ky. 2013). "The necessity of joining parties whose interest may be affected is not eliminated simply because the effect upon that interest may be minimal, or even beneficial to them." *Id*.

Here, Stith joined both Holder and Kazee as defendants in the circuit court; and, Stith's decision to do so resulted in a *binding adjudication* of their respective rights: as discussed, the circuit court determined that Holder was liable for *all* of Stith's damages, and Kazee was liable for *nothing*. Because Stith brought both Holder and Kazee before the circuit court and a judgment was entered resolving their respective rights regarding the question Stith posed before the circuit court, we likewise must have both Holder and Kazee before us to review the circuit court's answer to that very same question.

Keeping that in mind, the entire thrust of Stith's appeal is its contention that – consistent with what it argued below, and contrary to what the circuit court held – Holder and Kazee were *jointly and severally liable* for its damages. However, Stith seeks relief only from Kazee despite having made Holder a party in the circuit court case. As set forth in the concluding paragraph of its brief, Stith asks this Court for the following relief:

The Appellant is asking the court to (1) find that the trial court's interpretation of the contract was in error, (2) to

-10-

overturn the Trial Court's verdict and (3) to return this matter to the trial court with an order to enter a judgment against Mr. Kazee for the entire amount of the contract along with interest and reasonable attorney's fees.[3]

If we were to grant such relief to Stith, we could not do so without necessarily affecting Holder's interests. To reiterate, Holder is currently liable for all of Stith's damages. But, if this Court were to direct the entry of an order finding Kazee jointly and severally liable for that same amount, Stith could satisfy all or part of its judgment from Kazee, rather than from Holder. Thus, if we reverse the circuit court's judgment, we would impact a party who is not before this Court. This we cannot do. *See McBrearty v. Kentucky Community and Tech. College System*, 262 S.W.3d 205, 211 (Ky. App. 2008) (citing *Land v. Salem Bank*, 279 Ky. 449, 130 S.W.2d 818 (1939); *Hammond v. Department for Human Resources*, 652 S.W.2d 91 (Ky. App. 1983)) ("For purposes of appeal, a person is a necessary party if the person would be a necessary party for further proceedings in the circuit court if the judgment were reversed."). And, whether the impact is beneficial or not to the non-party is of no consequence. *Liquor World of Corbin*,

---

[3] Despite Stith's request for "an order to enter a judgment against Mr. Kazee for the entire amount of the contract," it is obvious from the context that Stith is requesting a determination of Kazee's joint and several liability for that amount—rather than some form of double recovery, which would be prohibited. *See, e.g.*, *Penco, Inc. v. Detrex Chem. Indus., Inc.*, 672 S.W.2d 948, 951-51 (Ky. App. 1984) (explaining "it is recognized that a party aggrieved by the acts of another, or by the concurring acts or more than one person, is entitled to only one recovery. . . . Therefore, when a judgment is based on actual litigation of the measure of a loss, and the judgment is thereafter paid in full, the injured party has no enforceable claim against any other obligor who is responsible for the same loss." (citations omitted)).

-11-

458 S.W.3d at 817 (quoting *Browning*, 392 S.W.3d at 392) ("The necessity of joining parties whose interest may be affected is not eliminated simply because the effect upon that interest may be minimal, or even beneficial to them.").

In sum, Holder is an indispensable party to this appeal; relief cannot be obtained in her absence. *See, e.g.*, *Milligan v. Schenley Distillers, Inc.*, 584 S.W.2d 751, 753 (Ky. App. 1979), *superseded on other grounds by statute*, KRS[4] 342.285 (citing CR 19.01). Under its theory of joint and several liability under the promissory note, Stith had the option in the circuit court to seek relief only from Kazee pursuant to KRS 411.180; but, once it sought relief from both Kazee and Holder in the circuit court under a joint and several liability theory and the circuit court consequently adjudicated their respective rights relative to one another, it was necessary for Stith to bring both Kazee *and* Holder before this Court. Consequently, Stith's failure to join Holder as a party deprives this Court of jurisdiction. Therefore, we must DISMISS this appeal.

Because we lack jurisdiction to decide anything in this appeal, Kazee's motion to strike Stith's brief is hereby DENIED AS MOOT; under other circumstances, however, it would be well taken and serve as grounds to strike the non-compliant brief.

---

[4] Kentucky Revised Statute.

ALL CONCUR.

ENTERED: __June 11, 2021___

JUDGE, COURT OF APPEALS

BRIEF FOR APPELLANT:

Brian D. Bailey
Danville, Kentucky

BRIEF FOR APPELLEE:

Steven A. Wides
Lexington, Kentucky